### FERSTMAN v SPIRO

Ohio Appeals, 8th Dist, Cuyahoga Co

No 14965. Decided Jan 27, 1936

Howell, Roberts & Duncan, Cleveland, for plaintiff in error.

Charles Easley, Cleveland, for defendant in error.

### OPINION

By LIEGHLEY, PJ.

Although other parties were named defendants the trial finally was conducted and concluded as between Esther Spiro as plain-

tiff and Sara Ferstman as defendant, in which order the parties will be named herein.

Based on this record the defendant through her agents conducted a poultry business in the rear of 12201 Kinsman Road and had been conducting such business for a number of years. The plaintiff says that she had been a customer thereof on many occasions. She claims that on the 19th day of September 1933 she went to said place of business for the purpose of buying a chicken and eggs. This business was operated in what was formerly a three car garage. As she entered the building she says she noticed that the floor was wet and sloppy and dirty. As she entered she walked through the center of the store where there was water and the floor was wet to the chicken counter. She made this journey without incident. Having concluded her business there, she decided to go to the egg counter. Intending to avoid the wet floor in the center, she observed some straw scattered on the side where it appeared drier, although wet, and started to walk over the straw. After taking two or three steps she says she slipped and fell and was thereby injured. She instituted an action for damages and recovered a judgment for Five Hundred Dollars. Error is prosecuted to reverse this judgment.

In her petition she avers that the defendant was negligent in maintaining a smooth, slippery spot on the floor, and negligent in permitting the floor to be wet and slippery and negligent in failing to remove the muddy water and negligent in failing to warn her of the condition of said floor.

To prove her claims she testified that the floor was wet, particularly in the center; that there were droppings and feathers scattered about; that she walked over the place where the straw was scattered, although it was not as wet there as in the center; that it looked drier than it was in the center. It is not claimed that the droppings or feathers in any way caused her injury. Her case is based upon the claim that the floor was wet and slippery alone.

The proof fails to show any defect in the floor. It discloses nothing more than the wet floor with water and feathers, and so forth, such as may be expected in a poultry slaughter house. The proof established conclusively that she was fully cognizant of all conditions present. Knowing these conditions she voluntarily decided to walk over them with her eyes open.

Aside from the claim that she slipped and fell the record is entirely silent as to how this accident occurred. The cause thereof is not disclosed other than the claim that she slipped on a wet floor.

So that we have a case that was submitted to the jury without proof of any defect, without proof of what caused the accident other than slipperiness, with proof that the floor was wet and had feathers and droppings, and so forth about, with proof that the plaintiff saw and knew all about these conditions prior to passing over them.

It is our conclusion that the plaintiff failed to establish any actionable negligence on the part of this defendant under the circumstances, keeping in mind the nature and character of the business, its location and her full knowledge and acquaintanceship with the manner in which it was conducted. It is also apparent that when she elected to pass over this floor with such full knowledge of the conditions she assumed the risks.

Greyhound Lines, Inc. v Martin, 127 Oh St 499.

J. C. Penny Co. v Robinson, 128 Oh St 626.

S. S. Kresge Co. v Feder, 116 Oh St 718.

Entertaining these views, the judgment is reversed as contrary to law and final judgment rendered for plaintiff in error, with exceptions.

TERRELL, J, concurs in the judgment.
LEVINE, J, dissents for the reason that the case was properly submitted to the jury.