OPINION
By SKEEL, J.
The defendant is the owner and operator of a store located on West 25th Street in the City of Cleveland. The plaintiff was accustomed to shop in defendant’s store and on the afternoon of April 20, 1940, had gone there for that purpose. The system which was used by the defendant required the customer to make his purchase, whereupon the sales clerk would give him a check stating the price of the sale- *328 which he would take to the cashier and pay and then deliver the receipt to the clerk to enable him to receive his package.
On the afternoon in question, the plaintiff purchased some cheese. At the same counter where this purchase was made, a clerk was passing out olives as samples to those who passed by. The means employed was for the clerk to offer an olive through which a toothpick had been inserted so that the ■customer could take hold of it. The clerk offered plaintiff an olive as she passed by to go to the cashier to pay for the cheese, which offer was refused by plaintiff. The store was very crowded so that the plaintiff found some' difficulty in getting to the cashier’s desk, and so stopped to purchase and drink ■a "frosted milk.” She finally succeeded in paying for the cheese ■and returned for her package which she got. As she was leaving the counter, and while working her way through the crowd and again passing where the olives were being given away, she stepped on something, slipped and fell to the floor. While on the floor she noticed an olive “partly eaten” where her foot had stopped and where her foot had slipped ’ there was a wet ■streak. There were also other olive pits around and near the place where the plaintiff fell.
There is no evidence in the record that the storekeeper had actual knowledge that the olive pit was on the floor, or that it was there sufficiently long so that the ■defendant, in the exercise of ordinary care could and should have ■discovered its presence on the floor in time to have eliminated whatever danger was thereby created before plaintiff was caused to fall.
The court, at the conclusion of plaintiff’s ease granted the motion of the defendant for a directed verdict.
It is the plaintiff’s contention that the court in granting said motion committed prejudicial error for the reasons that:
1. The presence of the clerk in defendant’s store passing out olives to customers, with the apparent purpose of inducing sales of olives, was sufficient to establish her as the agent or servant of the defendant.
2. The evidence was sufficient on the question of defendant’s negligence to require the case to be submitted to the jury.
With the first of these contentions we fully agree. One who knowingly permits another to act under such circumstances as would lead a reasonable person to believe he was an employee is estopped from denying the existence of'such relationship. The admitted facts in the instant case are such that the public, in dealing with the defendant, would have had the right to assume, as a matter of law, that the person who was giving away olives was an employee and acting as such upon the authority of the defendant.
Rubbo v Hughes Provision Co., 138 Oh St 178.
We come now to a consideration of the question as to whether or not the evidence, considered in its most favorable light toward the plaintiff, tends to establish the violation of any legal duty which defendant owed the plaintiff as a proximate result ox which plaintiff was inured.
The obligation of a merchant in protecting the safety of his customers is that of ordinary care. The merchant is not the insurer of the safety of his customers while they are upon his premises. He is therefore not compelled to anticipate every possible danger that might come about. The *329 rule was well stated by the Supreme Court of Oregon in Lee v Meier & Frank Co., 114 Pac. Rep. 136, Syllabus 1:
“A customer in a mercantile establishment is an ‘invitee’ and owner owes the customer duty to use care of reasonably careful and prudent person to keep passageways used by customer in reasonably safe condition so that customer will not be exposed to danger unnecessarily.”
2: “A storekeeper is not an ‘insurer’ of customer’s safety.”
3: “Where customer stumbles over object in aisle of store, or slips on foreign substance on floor, storekeeper is not liable unless he placed object or slippery substance in aisle, or unless he had actual knowledge of its presence or constructive notice concerning it arising out of its presence in the aisle for a sufficiently long time.”
The facts in the Oregon case very closely parallel those in the instant case. The defendant constructed a pillow rack and then piled pillows thereon. It was the contention of plaintiff that the pillows were piled so high that in all reasonable probability they would fall into the aisle and endanger the safety of “invitee.” Upon this point the court, in the sixth and eighth syllabi, said:
6: “In action for death of customer who tripped over pillow which had fallen into aisle of store, evidence failing to show that storekeeper had knowledge of pillow’s presence in aisle, and failing to show how long pillow had remained in aisle, before customer tripped over it, was insufficient to make jury case.”
8: “The arrangement of merchandise in a pile in store so that there is a possibility that merchandise may fall into aisle is not ‘negligence’ unless storekeeper permits merchandise to remain in aisle after he has received timely notice of its presence there or fails to make visits at reasonable intervals to the place so as to acquaint himself with its condition.”
The decisions in Ohio are in full accord with the Oregon case.
In Sherlock v The Strauss-Hershberg Co., 132 Oh St 35 the court had before it a suit where injuries had been sustained by the plaintiff by falling over a stool, the property of the defendant, which it had in stock for sale which stool had been left in an aisle-way. Whether its presence in the aisle was the act of the defendant’s servants, or a customer, was not disclosed by the evidence. The plaintiff contended, however, that the mere fact of the stool being in the aisle-way, made out a prima facie case. The court held:
“Syllabus 1: A storekeeper owes to a customer shopping in his store the duty to exercise ordinary care to have and keep his storeroom in a reasonably safe condition.” (J. C. Penny Co. Inc. v Robinson, 128 Oh St 626, followed and approved.)
“Syllabus 3: Merely proving that a sewing stool or foot stool was the property of the storekeeper and that a customer stumbled over it while walking along one of the aisles of the store, proximately resulting in her injury, is not sufficient to invoke the rule of res ipsa loquitur.”
In Kroger Grocery & Baking Co. v McCune, 46 Oh Ap 291, it was claimed that the plaintiff had been caused to fall by slipping on a piece of lettuce leaf. There was no evidence as to how the piece of lettuce leaf got on the floor or how long it had been there. The court, *330 in rendering final judgment for the defendant, said:
Syllabus 2: “Storekeeper must use ordinary care to prevent injury to customers but is not insurer.”
Syllabus 3: “To impose liability for injury to invitee by dangerous condition of premises, • condition must have been known to owner or occupant or have existed for such time that it was the duty of owner or occupant to know of danger.”
Syllabus 4: “Customer could not recover for injuries sustained in slipping on leaf of lettuce on floor of grocery store, where there was no evidence whether employees knew of presence of lettuce on floor, or how long it remained there.”
Syllabus 5: “To create liability for slip and fall on substance on floor, want of ordinary care cannot be claimed unless it is shown that substance on floor was known to have qualities which would make it dangerous to persons coming in contact with it.”
The leading Ohio cases are examined in 29 O. Jur. 602-3-4, ¶130 and 131. These can be divided into two classes: (1), injuries to customers caused by dangerous conditions negligently created or maintained by the storekeeper or his servants. (2), injuries due to dangerous conditions coming about through no active fault of the storekeeper, and not involving an instrumentality employed by the storekeeper in the conduct of his business.
The storekeeper is liable in damages to an invitee who is injured as a proximate result of his failure to perform his legal duty under the first class, but, as to the second class, he is not fiable unless he has actual knowledge of the danger that has developed in time that by the exercise of ordinary care he could either eradicate it before the invitee is injured, or warn or guard such invitee of or from such danger. If it can be shown that the dangerous condition, under the second class of eases, has existed for such a length of time that by the exercise of ordinary care he could and should have discovered such dangerous condition, then, upon the lapse of such time, knowledge will be presumed.
In the instant case there is no evidence at all that the olive pits were dropped on the floor by an employee of the defendant. The inescapable conclusion that must-be drawn from the testimony is that the olive pits were dropped by, customers.
There is also no evidence at all in the record that the defendant had actual knowledge that the olive pits were on the floor, or that they had been there for such' a length of time as to constitute constructive notice. The only possible way in which it could be said that defendant had notice of the presence of the olive pits on the floor would be to say that dropping them there by the customers was a natural and probable result that, in the exercise of ordinary care the defendant should have anticipated as a result of giving away olives. With this contention we do not agree.
The giving away of articles of food in grocery stores, as samples, has long been a recognized method of advertising and there is no rule of law which will charge the merchant with knowledge that the customers will dispose of what remains of the sample in such a way as to make the store dangerous to-other customers.
*331 For these reasons therefore, the judgment of the common pleas court is affirmed.
LIEGHLEY, PJ., concurs.
MORGAN, J., dissents.