tions. And that seems to be the rule in the absence of any statute. * * *.

"Although it may be that the defendants might have been proper parties to the will contest, they were not necessary parties, and their absence did not prevent the court from entertaining the will contest. The judgment setting aside the will was within the jurisdiction of the court and cannot be collaterally attacked. It may be, also, that the trustee did not properly defend the action. The remedy of the cestuis que trustents for any such dereliction would be against the trustee, and not by attacking the title of transfers, taking title in reliance upon the validity of the judgment. Judgment affirmed."

It is obvious to us that the United States District Judge was correct in holding that the issues presented in the case at bar and those previously determined by the Court of Appeals of Ohio in Elsen v. Hughes, supra, are for all practical purposes identical, and that he properly performed his bounden duty under the mandate of Erie Railroad Co. v. Tompkins and the subsequently enacted statute, U. S. C., Title 28, Section 1652, to follow and apply the decisions of the Court of Appeals of Ohio to the facts of the instant case.

Accordingly, the judgment is affirmed.

## SWEET, Plaintiff-Appellant, v. BIG BEAR STORES COMPANY et, Defendants-Appellees.

Ohio Appeals, Second District, Franklin County.

No. 4684. Decided February 20, 1952.

Herbert & Domey, Alex S. Dombey, of Counsel, Columbus, for plaintiff-appellant.

Wright, Harlor, Purpus, Morris & Arnold, Earl F. Morris, of Counsel, Columbus, for defendant-appellee, Big Bear Stores Company.

Luther L. Boger, Huntington Carlile, Columbus, for defendant-appellee, Forrest R. Sparks.

## OPINION

By THE COURT.

Our examination of the record in this case discloses that Judge King properly applied the legal principles pronounced in the case of **Kroger v. McCune, 46 Oh Ap 291,** and therefore did not err in directing a verdict in favor of the defendants at the close of the plaintiff's case.

The judgment will be affirmed.

HORNBECK, PJ, WISEMAN and MILLER, JJ, concur.

### ON MOTION TO CERTIFY CAUSE

No. 4684.   Decided March 7, 1952.

### OPINION

By THE COURT.

This is a motion to certify this cause to the Supreme Court of Ohio as being in conflict with the decision of the Court of Appeals for Summit County in the case of **Fox v. Schechter, 57 Oh Ap 275.**   While in the Fox case there was some evidence in the record as to the length of time the foreign substance was on the floor and which does not appear in the case at bar, the Court disregarded this fact when it said at page 279:

"If the jury concluded that it was more probable that defendant dropped the fruit, no further evidence was necessary on that branch of the case."

This Court followed the case of **Kroger v. McCune, 46 Oh Ap 291,** which held contra to the above quoted legal principle.   In other words, we held that the jury is not to be permitted to speculate as to the cause of the substance being on the floor. The trial Court at page 124 of the record was of the opinion that the Fox case was opposed to the Kroger case and counsel for the appellee, Big Bear Stores Company, recognized it also at page 9 of its brief, saying:

"This court, neither in the McCune case nor in any other floor-slipping case, and other courts in Ohio except in the Fox case, have not sanctioned such principle.

The motion will be sustained.

HORNBECK, PJ, WISEMAN and MILLER, JJ, concur.