Moran, Appellant, v. Gershow's Super Mkts., Inc., Appellee.*

(No. 2389—Decided December 14, 1956.)

*Mr. Emanuel Hadlin* and *Mr. Robert W. Schroader,* for appellant.

*Messrs. Landis, Ferguson, Bieser & Greer* and *Mr. Charles S. Bridge,* for appellee.

Wiseman, J. This is an appeal on questions of law from a judgment of the Common Pleas Court of Montgomery County. Plaintiff sued for damages for personal injuries which resulted from slipping and falling on the floor of defendant's grocery store. At the close of plaintiff's case the court directed a verdict for the defendant on which judgment was entered. Plain-

*Motion to certify the record overruled, March 27, 1957. Appeal dismissed, 166 Ohio St., 300.

tiff's motion for new trial having been overruled, this appeal was taken.

Plaintiff, appellant, assigns fifteen separate errors, which counsel for plaintiff reduce to three propositions: (1) Did the trial court err in directing a verdict for the defendant? (2) Did the trial court err in refusing to reopen the case to hear further evidence after indicating its intention to direct a verdict, but before doing so? (3) Did the court deny plaintiff a fair trial?

In his amended petition plaintiff alleges that as he entered defendant's grocery store and "that while he was walking in a store aisle at or near the cash registers, he slipped on a wet spot and fell to the floor"; and alleges further that "said injuries were the direct and proximate result of the negligence of the defendant in the following respects, to wit: Defendant while in control of said premises permitted or caused soft drink bottles to be placed in such a manner near the aisle of its grocery store as to allow the liquid remains of the bottles to drip to the floor and cause a wet and dangerous condition." The testimony shows that the plaintiff was a customer of the defendant's store on the day in question.

In order to make a good case to go to the jury the plaintiff would be required to offer proof which would place the case in one of three classes:

(1) Where the hazard was created by the negligent act of the defendant;

(2) Where the defendant had, or in the exercise of ordinary care should have had, notice of the hazard;

(3) Where the defendant was negligent in creating a permanent and continuing dangerous condition which caused the injury.

The evidence shows that the wet spot on the floor was temporary and not of a permanent or continuing dangerous condition. Unquestionably, the evidence in this case does not meet the test in the third class of cases. We are required to consider whether plaintiff has offered sufficient proof to meet the test under class one or two. There is no proof whatever that defendant had any notice of the dangerous condition of the floor;

there is no evidence as to the length of time this condition existed prior to plaintiff's fall. The evidence shows that as a store practice both the employees of the defendant and customers placed empty bottles in the cart, and that some of the bottles were placed in a horizontal position and some upside down. There is no evidence as to who placed the bottles in the cart on the day in question. For all that appears in the record the drippings which caused the slippery spot on the floor may have been caused by a customer. The evidence is insufficient to fix the responsibility on the defendant for the dangerous condition of the floor. The rule applicable is concisely stated in *Johnson* v. *Wagner Provision Co.*, 141 Ohio St., 584, at page 589, 49 N. E. (2d), 925, as follows:

"To be entitled to recover in cases of the character presently before us, it is necessary for a plaintiff to show:

"1. That the defendant through its officers or employees was responsible for the hazard complained of; or

"2. That at least one of such persons had actual knowledge of the hazard and neglected to give adequate notice of its presence or remove it promptly; or

"3. That such danger had existed for a sufficient length of time reasonably to justify the inference that the failure to warn against it or remove it was attributable to a want of ordinary care."

On page 585 the facts are stated as follows:

"At the trial it developed that another customer had dropped a glass jar of mayonnaise or salad dressing on the floor in defendant's market. It broke and the contents splattered. Felix Garlando, in charge of selling vegetables and an employee of the Mass Market Company, which rented its space from the defendant, witnessed the incident, promptly secured a broom and dust pan or box from the rear of the storeroom and swept up as much of the mayonnaise as he could. According to his testimony, he then retraced his steps to get a mop. It was during this interim that plaintiff slipped on a part of what remained of the mayonnaise."

On the facts the plaintiff in the *Johnson case* made a stronger case than the plaintiff in this case. But the court on page 589 said:

"Here, we are convinced that the evidence offered by plaintiff did not establish lack of ordinary care on the part of the defendant, or that its conduct fell short of the standard represented by the conduct of reasonably prudent men in a position similar to that of the defendant."

See, also, *Anaple* v. *Standard Oil Co.,* 162 Ohio St., 537, 124 N. E. (2d), 128.

In the instant case, for all that appears in the record the drippings on the floor may have been caused by a customer a few minutes before plaintiff fell. Any conclusion that it was caused by an employee of the defendant or that the floor had been in such dangerous condition a sufficient period of time to put the defendant on notice, would be indulging in pure con-- jecture or supposition. In *Boles* v. *Montgomery Ward & Co.,* 153 Ohio St., 381, 92 N. E. (2d), 9, the sixth paragraph of the syllabus is as follows:

"In such an action, a verdict for plaintiff predicated upon conjecture, guess, random judgment or supposition cannot be sustained."

Did the court err in refusing to re-open the case? Counsel for plaintiff stated to the court that if the case were re-opened for the purpose of showing notice or knowledge of the dangerous condition of the floor, several witnesses would be produced who would testify that on previous busy days at the store they saw drippings on the floor from empty bottles placed in the cart. Such evidence would not be competent under the rule laid down in the case of *Boles* v. *Montgomery Ward & Co.,* *supra.* The fourth paragraph of the syllabus in that case states the rule as follows:

"The admissibility of evidence as to similar occurrences to show notice or knowledge of danger is generally confined to situations where there are conditions of permanency, such as defects in substantial structures like buildings, machines, sidewalks and streets. Such evidence is not competent or admissible where it relates to a temporary condition which might or might not exist from one day to the next and where there is no showing that conditions surrounding the prior occurrences persisted and surrounded the occurrence which resulted in plaintiff's injury."

In view of the fact that the evidence which plaintiff sought to introduce would have been incompetent, the trial court properly overruled plaintiff's motion to re-open the case. Other of the claimed errors, if found to exist, could not have been prejudicial where, as in this case, the court is reviewing the action of the trial court in directing the verdict.

We have examined the record in this case in light of the numerous assignments of error, and have concluded that plaintiff was accorded a fair trial; that the trial judge did not abuse his discretion, and that no assignment of error is well made.

Since we find no error in the record prejudicial to the rights of the appellant, the judgment is affirmed.

*Judgment affirmed.*

HORNBECK and CONN, JJ., concur.

CONN, J. of the Sixth Appellate District, sitting by designation in the Second Appellate District.