SCHON, APPELLANT, *v.* NATIONAL TEA CO., D. B. A. LOBLAWS FOOD STORE, APPELLEE.

(No. 5043—Decided May 25, 1971.)

*Mr. Jerry O. Stephens,* for appellant.
*Messrs. Manchester, Bennett, Powers & Ullman* and
*Mr. John D. Liber,* for appellee.

LYNCH, J. On October 3, 1964, plaintiff, appellant herein, while shopping at one of the stores of defendant, appellee herein, slipped and fell, sustaining various injuries. At the close of plaintiff's case, the trial court sustained defendant's motion for a directed verdict, from which decision plaintiff is appealing.

Testimony by plaintiff's witnesses is that plaintiff and her son and sister arrived at the store somewhere between 5:45 p. m. and 6:00 p. m. Plaintiff fell at approximately 6:45 p. m. because of some grapes on the floor in the produce section of the store. Defendant's record shows that the store was last swept at 5:00 p. m.

The claim investigator of defendant testified that all the stores of defendant have weight scales in the produce departments so that customers can weigh the produce, and that the floor of defendant's stores is swept as often as needed.

The owner or operator of a store who invites the public into his premises to transact business is not an insurer of their safety, but owes the duty to exercise ordinary care to maintain his premises in a reasonably safe condition for the protection of such invitees. *Boles* v. *Montgomery Ward & Co.,* 153 Ohio St. 381; *Johnson* v. *Wagner Provision Co.,* 141 Ohio St. 584.

In the situation where a store customer is injured as a result of slipping on a substance dropped on the floor by another customer, it must be established as a pre-

requisite to recovery against the storekeeper: "(1) that he or one of his employees had actual knowledge of the hazard and neglected to give adequate notice of its presence or remove it promptly, or (2) that the danger had existed for a sufficient time reasonably to justify the inference that the failure to warn against it or remove it was attributable to a want of ordinary care." *Johnson* v. *Wagner Provision Co., supra, paragraph three of the syllabus.*

There was no direct evidence that defendant's employees were aware of the presence of grapes on the produce floor. Therefore, the issue in this case is whether the presence of the grapes on the floor of the produce section of defendant's store was there for a sufficient length of time to constitute a want of ordinary care by defendant in either not knowing of the presence of the grapes, or knowing about them and not removing them.

Plaintiff's witness testified that the floor of the produce section in four or five spots was dirty or messy with such produce as lettuce or celery leaves and grapes on the floor, and that the floor was also wet in spots. Plaintiff's son testified that the lettuce leaves were "old, dried up," and that the grapes were "squashed and curled up." Plaintiff testified that the lettuce or celery leaves were all rolled up and "dirty like."

Plaintiff and her son testified that they came to the produce section at the end of their shopping and were there approximately ten to fifteen minutes before plaintiff fell. No one else was in the produce section while plaintiff and her son were there. Plaintiff stated that there were only five to seven people in the store when they arrived, and plaintiff's sister stated that there were not more than ten or eleven people in the store when plaintiff fell. Employees of defendant who were present were the manager, cashier and a 16- or 17-year-old boy who cleaned the produce area after plaintiff fell.

Plaintiff's sister testified that they arrived at defendant's store about 6:00 p. m. She also observed the "messy" condition on the floor of the produce section. She was buying some groceries for herself and was at the checkout

counter when plaintiff fell. On her way to the checkout counter she passed the produce section and observed plaintiff there. She also could observe the produce section from the checkout counter. She observed something "black or dried looking" on the floor of the produce section.

Plaintiff contends that her evidence established that both plaintiff and her sister noticed the messy condition on the floor of the produce section when they entered defendant's store. After reviewing the bill of exceptions, we find that plaintiff first noticed the condition of the floor of the produce section when she came to the produce section, which was approximately ten to fifteen minutes before she fell. Plaintiff's sister's testimony is somewhat confusing, but we find that she first noticed the condition of the floor of the produce section when she went to the checkout counter, which was ten to fifteen minutes before plaintiff fell.

Plaintiff points out that there were only a few customers in this store from the time plaintiff entered the store to the time she fell, and that plaintiff and her son were the only persons in the produce section during the time she was there, which was approximately ten or fifteen minutes.

Where there is no evidence as to the length of time a slippery substance dropped on a floor of a grocery store has been present on such floor before a customer slipped and fell because of such substance, defendants' motions for directed verdict at the close of plaintiffs' evidence have been sustained. *Sweet* v. *Big Bear Stores Co.*, 158 Ohio St. 256; *Tiberi* v. *Fisher Bros. Co.*, 96 Ohio App. 302; *Kroger Grocery & Baking Co.* v. *McCune*, 46 Ohio App. 291; *Zerbe* v. *Springfield*, 38 Ohio Law Abs. 487.

Courts have also held that the fact that a slippery substance dropped by a customer on the floor of a mercantile establishment was not removed within two or three minutes after such substance has been dropped on the floor does not constitute a lack of ordinary care on the part of the storekeeper or on the part of his employees. *Hardgrove* v. *Isaly Dairy Co.*, 139 Ohio St. 641. See *Johnson* v. *Wagner Provision Co.*, *supra*.

However, in the instant case, there is evidence that the grapes on the floor were there at least ten to fifteen minutes, and probably much longer. The only Ohio case which has come to our attention that proximates the facts of the instant case is *Fox* v. *Ben Schechter & Co.*, 57 Ohio App. 275, motion to certify overruled November 10, 1937.

In the *Fox* case, the evidence was that when plaintiff and her husband entered the store the husband noticed some debris on the floor of the store; that some fifteen minutes later plaintiff slipped upon some substance in the vicinity of the debris, which plaintiff's husband said looked like lettuce leaves and grapes; and that upon examination of the place where plaintiff's foot slipped, there was a wet spot with heel marks running through it, and there was a decayed grape at the end of the marks. The accident occurred at 5:30 p. m. The court held that in an action by a customer against the owner of a grocery store to recover damages for personal injuries alleged to have been sustained by slipping on fruit or vegetable matter on the floor of defendant's store, testimony that the foreign substance had remained on the floor fifteen or twenty minutes, regardless of who caused it to be there, and that several clerks were in the store at the time, is substantial evidence that the store owner knew the substance was there, or, in the exercise of ordinary care, should have discovered and removed it before it caused injury to the customer.

In the recent case of *Elrod* v. *Walls* (1970), 205 Kan. 808, 473 P. 2d 12, the Supreme Court of Kansas decided a case similar to the instant case. Paragraphs one, three and four of the Pacific Reporter headnotes read as follows:

"1. When produce is displayed in self-service market and handled by customers, storekeeper must take reasonable protective measures for benefit of customers who might slip and fall on debris dropped on floor by customer or employee."

"3. When greens are sold from open bins on self-service basis, there is likelihood that some will fall or be dropped to floor and if operator chooses to sell in this way,

he must do what is reasonably necessary to protect customer from risk of injury such mode of operation is likely to generate.

"4. Vigilance of a storekeeper in keeping his floor clean must be commensurate with the risk involved, depending upon size and traffic of particular store in question."

We hold that in an action by a customer against the owner of a grocery store to recover damages for personal injuries alleged to have been sustained by slipping on fruit matter on the floor of defendant's store, testimony that the foreign substance had remained on the floor at least ten or fifteen minutes; that the floor had last been swept one hour and forty-five minutes prior to the accident; that three employees of defendant were present in the store; that there were relatively few people in the store during at least an hour's time before the accident, and that the area where the customer fell was dirty or messy, is substantial evidence that the employees of the store owner knew that the substance was there, or, in the exercise of ordinary care, should have discovered and removed it before it caused injury to the customer.

We hold that the trial court committed error in sustaining defendant's motion for a directed verdict.

The judgment is reversed and the cause is remanded for a new trial.

*Judgment reversed.*

O'NEILL, P. J., and JOHNSON, J., concur.

(No. 5043—Decided June 17, 1971.)

ON APPLICATION for reconsideration.

LYNCH, J. Defendant has filed an application for reconsideration in which it contends that our decision is in error.

Defendant's first contention is that there is no evidence whatsoever in the record as to how the grapes upon which plaintiff claimed she slipped and fell came to be on the floor, how they got there, or where they came from. It is

true that there is no direct evidence on the particular grapes upon which plaintiff slipped and fell with the exception that the grapes were there when she slipped and fell. The circumstantial evidence was that for a period of ten to fifteen minutes prior to the time plaintiff fell, no one else was in the produce section of defendant's store except plaintiff and her son; that plaintiff and her son were in the produce section to buy produce other than grapes, and neither handled any grapes; that there were only five to eleven people in the store during at least an hour's time before the accident; that the floor of the produce section was dirty or messy in four or five spots, with such produce as lettuce or celery leaves and grapes on the floor; and that the floor had last been swept one hour and forty-five minutes prior to the accident. Under similar circumstances in *Fox* v. *Ben Schechter & Co.*, 57 Ohio App. 275, the court held that this constituted evidence of the existence of the foreign substance on the floor for a period of time. We find that reasonable minds could reach the conclusion under the evidence of this case that the grapes upon which plaintiff slipped and fell were present on the floor of the produce section of defendant's store for at least ten to fifteen minutes. Therefore, this issue should be presented to the jury.

Defendant's other contentions are that our decision is contrary to and in conflict with decisions of other Courts of Appeals of Ohio, and that the theory and reasoning of *Fox* v. *Ben Schechter & Co., supra*, on which this court relies as authority for its decision, has been rejected and overruled by the Supreme Court of Ohio.

The case of *Sweet* v. *Big Bear Stores Co.*, 67 Ohio Law Abs. 59, was certified to the Ohio Supreme Court as being in conflict with *Fox* v. *Ben Schechter & Co., supra*, and was affirmed by the Supreme Court in *Sweet* v. *Big Bear Stores Co.*, 158 Ohio St. 256. The reason given by the Court of Appeals in the *Sweet* v. *Big Bear Stores Co.* case for the conflict with the *Fox* case is the following excerpt from the opinion in the *Fox* case, appearing at 57 Ohio App. 279:

"If the jury concluded that it was more probable that defendant dropped the fruit, no further evidence was necessary on that branch of the case."

The above language is incorporated in the first paragraph of the syllabus in the *Fox* case. Our decision relied upon the second paragraph of the syllabus in the *Fox* case, which we hold was not at issue in the *Sweet* case because there was no evidence in the *Sweet* case as to how long the vegetable matter was on the floor. The Supreme Court in the *Sweet* case made no mention of the *Fox* case in its opinion.

We do not agree with defendant's contention that our decision is in conflict with the cases of *Moran* v. *Gershow's Super Mkts.*, 102 Ohio App. 408; *Morgan* v. *American Meat Co.*, 37 Ohio Law Abs. 327; and *Kroger Grocery & Baking Co.* v. *McCune,* 46 Ohio App. 291, because there was no evidence in any of those cases as to the length of time the foreign substance causing the fall of the customer was on the floor of the store.

Application of defendant-appellee for reconsideration and request for oral argument is overruled.

Request of defendant-appellee to certify this case to the Ohio Supreme Court as being in conflict with *Moran* v. *Gershow's Super Markets, supra, Morgan* v. *American Meat Co., supra,* and *Kroger Grocery & Baking Co.* v. *McCune, supra,* overruled.

*Judgment accordingly.*

O'NEILL, P. J., and JOHNSON, J., concur.