LITTMAN, APPELLANT, *v.* MIAMI RESTAURANT &
DELICATESSEN, INC., APPELLEE.

[Cite as Littman v. Miami Restaurant & Delicatessen, Inc.
(1971), 27 Ohio App. 2d 70.]

(No. 30955—Decided August 12, 1971.)

*Messrs. Tricarichi, Carnes & Kube,* for appellant.
*Messrs. Arter & Hadden,* for appellee.

*Per Curiam.* In this case the plaintiff entered the
delicatessen of the defendant as a business invitee to de-
liver baked goods. While traversing an area to which his
invitation extended, he fell and injured himself. At the
time of the injury, he was returning to his truck with day-
old goods which he was carrying on a tray in one hand and
held above his head. Although the evidence is in some
conflict as to the precise location of the fall, there is
evidence that the plaintiff fell at a point where the floor
covering was cracked and worn and wet from the discharge
of water leaking from a steam table controlled by the de-
fendant. The trial court granted the defendant's motion
for a directed verdict at the end of the plaintiff's case ap-
parently on the theory that the evidence would not support
a reasonable man in the conclusion that a hazardous condi-
tion existed on the floor at the point of the fall. This
conclusion was reached at the stage in the case at which
the law required that the plaintiff's evidence be given an
interpretation most favorable to him.

Defendant's reliance upon *Hardgrove* v. *Isaly Dairy
Co.* (1942), 139 Ohio St. 641, and *Ferstman* v. *Spiro* (App.
Cuy. Co., 1936), 23 Ohio Law Abs. 185 is misplaced. A long
excerpt from the short opinion in *Hardgrove* will demon-

strate the factual differences between that case and the present one:

"It is not claimed that there was any water on the floor when plaintiff entered the store. The dripping of the water on the linoleum or floor covering took place two minutes before plaintiff fell. There is no claim that the floor was unsafe or dangerous on that day prior to the time the water dripped and there is no proof that the defendant had actual notice that the water was on the floor. Two minutes would hardly be a reasonable time to wipe or mop up the water and certainly there would not be a lapse of sufficient time under the circumstances so that defendant could be said to have had constructive notice of the alleged slippery condition. Moreover, the failure to wipe the bottle off was the default or neglect of the customer. Under the circumstances no actionable negligence of the defendant was shown. Plaintiff saw and knew of the dripping of the water and did not use ordinary care to avoid slipping. . . ." p. 643.[1]

The case of *Ferstman* v. *Spiro, ibid.*, decided by this court, is also to be distinguished from the instant case. In *Ferstman* there was a failure to show any defect in the floor, the water and other substances on the floor were to be expected in a poultry slaughterhouse; and the case report recites a full awareness by the plaintiff of the conditions. Nevertheless, the plaintiff elected to pass over the floor with such full knowledge. Moreover, from all that appears in the opinion, there was no evidence that the defendant, Ferstman, had any hand in the creation of the wetness not characteristic of the floor. Such patent differences between the facts in *Hardgrove* and *Ferstman* and the facts in the instant case strip *Hardgrove* and *Ferstman* of any controlling relevance.

In our view the trial court was in error. Notice is not a factor in the case because the water and the worn and broken condition of the floor covering were matters within

[1]There is no claim in the present case that the plaintiff either assumed the risk or failed to use ordinary care for his own safety.

the control of, and resulting from, the action of the defendant. If, at the end of plaintiff's presentation of his evidence, the most favorable interpretation of the facts would justify submission of the issues to the jury, as we think to be the case, the defense motion for a directed verdict should have been overruled. See *Fox* v. *Schecter & Co.* (1937), 57 Ohio App. 275, 277-278 (Sum. Co.).

Judgment reversed and cause remanded to trial court for further proceedings according to law.

*Judgment reversed.*

Day, C. J., Wasserman and Jackson, JJ., concur.