[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] OPINION
Plaintiff-appellant Michael Burnett appeals from a summary judgment rendered in favor of defendant-appellee Dancey Gamble, executor for the estate of Towner H. Stevens. Burnett contends that the trial court erred by rendering summary judgment, because there are genuine issues of material fact. Although the alleged tortfeasor is deceased, Burnett's deposition was taken, and portions thereof were submitted in support of Gamble's motion for summary judgment. From our review of that deposition, and the pleadings, we are satisfied that the trial court correctly rendered summary judgment.
Burnett injured himself when he slipped off Stevens's roof, falling to the ground. Although there is evidence in support of the proposition that Stevens's roof was unusually slick, thereby posing a hazard for persons walking on it, Burnett recognizes that he has no evidence that Stevens knew of the existence of the hazard. Burnett argues that Stevens was on constructive notice of the existence of the hazard, merely by virtue of his ownership of the residence. We disagree. Accordingly, the judgment of the trial court is Affirmed.
 I
Stevens, who was then 94 years old, hired Burnett to clean his gutters, for $40. Gamble, Stevens's granddaughter, provided Burnett with two ladders. Stevens's house consisted of a one-story section and a two-story section. Burnett climbed to the roof of the one-story section, and then placed one of the ladders so that he could reach the roof of the two-story section. By this time, Stevens and Gamble had entered the residence, and were no longer watching Burnett.
Burnett testified that he went upon the upper roof "to see what was all going to be involved on it [the gutter-cleaning job]." After taking three steps, Burnett slipped and fell off the roof, injuring himself. He testified that he did not notice anything unusual about the composition of the roof until he slipped, but that it was slippery.
Burnett brought this action against Gamble, the executor of the Stevens's estate, Stevens having died, to recover damages for the injuries he sustained in falling off the roof. The trial court granted Gamble's motion for summary judgment, rendering judgment in her favor. From the summary judgment rendered against him, Burnett appeals.
 II
Burnett's First Assignment of Error is as follows:
 THE TRIAL COURT APPLIED THE INCORRECT STANDARD OF DUTY REQUIRED FOR PROPERTY OWNERS TO BUSINESS INVITEES.
Burnett argues that the trial court considered him to have been a licensee, rather than a business invitee. This assignment of error is not supported by the record. In its entry granting Gamble's motion for summary judgment, the trial court included the following statement:
 The Court finds the Plaintiff has failed to produce evidence that the injuries claimed by the Plaintiff were the result of a violation of any duty imposed by Ohio law on the Defendant toward Plaintiff as a business invitee.
(Emphasis added.)
Of course, even if the trial court had incorrectly deemed Burnett to have been a mere licensee, that would not affect this appeal, because our review of a summary judgment is de novo.
Burnett's First Assignment of Error is overruled.
 III
Burnett's Second Assignment of Error is as follows:
 WHEN A PROPERTY OWNER CREATES OR CONSTRUCTIVELY CREATES A HAZARDOUS CONDITION, THE INJURED BUSINESS INVITEE NEED NOT SHOW THE PROPERTY OWNER HAD NOTICE OR ACTUAL KNOWLEDGE OF THE INJURY CAUSING INSTRUMENTALITY.
Burnett recognizes that he has no evidence that Stevens knew that his roof was unusually slippery, thereby posing a hazard to persons walking on the roof. Burnett contends, however, that he is not required to prove notice or actual knowledge on the part of the property owner. In support of this proposition, Burnett cites a number of cases, all of which, however, involve situations where a property owner has created a hazardous condition.
Burnett cites Fox v. Ben Schechter Co. (1937), 57 Ohio App. 275,279 for the proposition that:
 It is universally held that the owner of the premises is charge with notice of any structural defects in his property, on the theory that one must be charged with notice of his own acts, and hence, whenever defective conditions are due to the direct act of the defendant, or a person whose acts are constructively his own, no notice need be shown, but is necessarily implied.
Although the first phrase in the passage quoted above suggests that an owner of premises is automatically charged with notice of any structural defects on his property, the remainder of the phrase contemplates that the defective condition is the result of the owner's own direct act, or of persons whose acts are constructively his own. In Fox, supra, the plaintiff had slipped and fallen on fruit or vegetable matter on the floor of the defendant's store, and there was evidence making it probable that the storekeeper or his servants caused the fruit or vegetable substance to be on the floor. In the case from which the above-quoted passage was taken, Sears, Roebuck Co. v. Peterson
(8th Cir, 1935) 76 F.2d 243, at 246, a customer slipped on pieces of orange peel in a small pile of rubbish in the aisle of the defendant's store.
In our view, an owner of property is not deemed to be on constructive notice of all hazards associated with his property. Burnett himself testified that he had not determined, by visually inspecting the roof before stepping upon it, that it was unusually slippery. There is no reason to believe that Stevens had ever observed the roof to be unusually slippery. Unless an owner knows, or should know, of the existence of a hazard, the owner is not bound to advise business invitees of the existence of that hazard. In the case before us, Burnett has not claimed, in his pleadings, or in his memorandum in opposition to Gamble's motion for summary judgment, that Stevens knew that his roof was unusually slippery. Nor has Burnett pointed to any circumstances that would have put Stevens on constructive notice that his roof was unusually slippery. Without notice, or constructive notice, Stevens was under no duty to advise Burnett that his roof was unusually slippery.
Burnett's Second Assignment of Error is overruled.
 IV
Burnett's Third Assignment of Error is as follows:
 APPELLEE ADVISED PLAINTIFF/APPELLANT MICHAEL BURNETT ON HOW TO COMMENCE WORK ON THE ROOF AND THEREFORE WAS OBLIGATED TO ADVISE THE APPELLANT ON THE CONDITION OF THE ROOF.
We have reviewed Burnett's deposition, or at least the portions thereof in the record, and it is clear that neither Stevens nor Gamble, his granddaughter, directed Burnett how to perform the task that he had contracted to perform — the cleaning of Stevens's gutters. When Burnett decided to ascend the second-story roof to see what the job entailed, Stevens and Burnett had already re-entered the house, and were no longer outside watching Burnett.
Burnett argues that because Stevens, or Gamble, on Stevens's behalf, directed him in his performance of the work, they were obliged to provide him with adequate safety devices. We will have to speculate what those safety devices might have been. In any event, Burnett's own deposition testimony, when viewed in a light most favorable to him, permits only one conclusion of fact, and that is that neither Stevens nor Gamble directed him in the performance of his task.
Burnett's Third Assignment of Error is overruled.
 V
All of Burnett's assignments of error having been overruled, the judgment of the trial court is Affirmed.
WOLFF and YOUNG, JJ., concur.
Copies mailed to:
David J. Fierst
Paul B. Roderer
Hon. Richard O'Neill