DECISION AND JUDGMENT ENTRY
Daniel and Veronica Plaugher appeal the summary judgment entered by the Washington County Court of Common Pleas in favor of Four Seasons Tavern, a.k.a. Four Seasons Club, and its owner, Dorothy M. Cornette ("Four Seasons Tavern"). They assign the following error:
 The summary judgment granted by The Honorable Susan E. Boyer, Judge in the Court of Common Pleas of Washington County, Ohio, in favor of Defendants-Appellees [sic], Four Seasons Tavern, aka Four Seasons Club, and Dorothy M. Cornette, dba Four Seasons Tavern, aka Four Seasons Club, was in error and should be reversed because the combination of facts and doctrine of res ipsa loquitur presents issues which a jury could interpret in favor of the Appellants.
Because summary judgment was appropriately entered, we overrule the Plaughers' sole assignment of error.
In January 1998, Mr. and Mrs. Plaugher patronized the Four Seasons Tavern. Sometime during the evening, Mr. Plaugher walked through the area near one of the entrances and fell, breaking his ankle. A rug was placed near that entranceway and, after he fell, the rug was wrapped around Mr. Plaugher's leg.
Mr. Plaugher filed a complaint alleging that the Four Seasons Tavern was negligent in maintaining the rug and the area around the rug. He sought damages for his medical costs, pain and suffering, and loss of earnings. Mrs. Plaugher sought damages for loss of consortium. After the trial court granted the tavern's motion for summary judgment, the Plaughers appealed.
Summary judgment is appropriate when the movant demonstrates: (1) there is no genuine issue of material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made, said party being entitled to have the evidence construed most strongly in his favor. Bostic v. Connor
(1988), 37 Ohio St.3d 144, 146; Harless v. Willis Day Warehousing Co.
(1978), 54 Ohio St.2d 64, 66. The moving party bears the burden of proving no genuine issue of material fact exists. Mitseff v. Wheeler
(1988), 38 Ohio St.3d 112, 115. In Keister v. Park Centre Lanes (1981),3 Ohio App.3d 19, 22-24, the court stated that to defeat a motion for summary judgment filed by a defendant in a negligence action, the plaintiff must identify a duty, or duties, owed him by the defendant. Further, the evidence must be sufficient, considered most favorably to the plaintiff, to allow reasonable minds to infer that a specific dutywas breached, that the breach of duty was the proximate cause of theplaintiff's injury, and that the plaintiff was injured. Id.
When reviewing a summary judgment, an appellate court must independently review the record to determine if summary judgment was appropriate. An appellate court need not defer to the trial court's decision in summary judgment cases. See Morehead v. Conley (1991),75 Ohio App.3d 409.
A business owner owes a business invitee a duty of ordinary care to maintain the premises in a reasonably safe condition and to warn the invitee of any latent dangers upon the premises. However, the owner has no duty to protect against dangers which are known to the invitee or which are so obvious and apparent to the invitee that he may reasonably be expected to discover them and protect himself against them. SeePaschal v. Rite Aid Pharmacy, Inc. (1985), 18 Ohio St.3d 203, and Sidlev. Humphrey (1968), 13 Ohio St.2d 45, 48.
The fact that a business invitee falls while on a business owner's premises does not give rise to an inference or presumption of negligence.Hodge v. K-Mart Corp. (Jan. 18, 1995), Pike App. No. 93CA528, unreported, citing Parras v. Standard Oil Co. (1953), 160 Ohio St. 315. Rather, "it is incumbent on the plaintiff to show how and why an injury occurred — to develop facts from which it can be determined by a jury that the defendant failed to exercise due care and that such failure was a proximate cause of the injury." Id., quoting Boles v. MontgomeryWard (1950), 153 Ohio St. 381; Stamper v. Middletown Hosp. Assn. (1989),65 Ohio App.3d 65, 67-68. The plaintiff must offer proof that: (1) the hazard was created by the negligent act of the shopkeeper; or (2) the shopkeeper had or, in the exercise of ordinary care, should have had notice of the hazard; or (3) the shopkeeper was negligent in creating a permanent and continuing dangerous condition which caused the injury.Id., quoting Moran v. Gershow's Super Mkts., Inc. (1956),102 Ohio App. 408; Hayes v. Wendy's Internatl., Inc. (Feb. 16, 1999), Warren App. No. CA98-07-074, unreported.
In granting summary judgment, the trial court found that Mr. Plaugher did not know what caused him to fall and, consequently, could not prove that the Four Seasons Tavern was negligent or breached the duty owed to Mr. Plaugher. The Plaughers argue that Mr. Plaugher's deposition was sufficient to establish a genuine issue of material fact as to whether the Four Seasons Tavern was negligent because Mr. Plaugher testified that either the rug or the wet floor caused his fall. We disagree.
Mr. Plaugher's deposition testimony reads in part:
 Q. * * * [W]hat is your statement today of what caused you to fall?
 A. Actually, I think the floor possibly could have been wet from where he had just gotten through mopping the bathroom floor. But other than that, that would have been it. Or the rug slipping.
 Q. Do you know if you slipped before you came to the rug or did the rug slip under you when you were on it?
 A. It happened so fast, it was just in a split second. I couldn't tell you.
 Q. And I think that pretty much matches what you said [on a prior date to the investigator], he asked, "What do you think that the cause of the fall was?" And you said, "Well, my honest opinion was either me catching the edge of the rug and the rug slipping out from under me or the floor was wet." Would you say that that's a correct statement of what you told him at the time?
A. Yes, I would.
Q. And is that still pretty much your honest opinion.
A. Yes, it is.
* * *
 Q. * * * Would it be fair to say that you don't know specifically what caused you to fall?
A. No, sir; I do not.
Transcript at 10-11 and 15.
In his deposition testimony, Mr. Plaugher clearly stated that he did not know what caused him to fall in the tavern. He opined that either the wet floor or slipping on the rug could have caused his fall, but was unsure whether he was even on the rug when he began to slip. Speculation or conjecture by the plaintiff as to the culpable party who caused his fall and what caused his fall is not sufficient, as a matter of law, since the issue of proximate cause is not open to speculation. Strotherv. Hutchinson (1981), 67 Ohio St.2d 282; Townsley v. Cincinnati Gardens,Inc. (1974), 39 Ohio App.2d 5. Mr. Plougher can point to no wrong or specific act committed by the Four Seasons Tavern that caused his injury. It is just as plausible that Mr. Plougher tripped because of his own misstep.
The Ploughers also argue that the doctrine of res ipsa loquitur is applicable here. Res ipsa loquitur is not a substantive rule but rather a rule of evidence which allows the jury, but not the court in a jury trial, to infer negligence where
 * * * the instrumentality causing the injury was, at the time of the injury, or at the time of the creation of the condition causing the injury, under the exclusive management and control of the defendant[,] and that * * * the injury occurred under such circumstances that in the ordinary course of events it would not have occurred if ordinary care had been observed. * * *
 Hake v. Wiedemann Brewing Co. (1970), 23 Ohio St.2d 65, 66-67.
As the Ploughers have not produced any evidence concerning what instrumentality caused Mr. Plougher's injury, they certainly have not produced any evidence that the instrumentality was under the Four Seasons Tavern's exclusive control. See Barton v. Young (Sept. 24, 1993), Washington App. No. 93CA8, unreported. Absent evidence of the cause of the fall, we do not know whether the instrumentality was under the Four Seasons Tavern's exclusive control or not. The Ploughers have not produced the necessary evidence for application of the doctrine of resipsa loquitur.
The Ploughers failed to offer any evidence to support a claim that the Four Seasons Tavern breached a duty owed to Mr. Plougher or that such breach, if any, was the proximate cause of his fall and injuries. Therefore, the Ploughers' sole assignment of error is overruled and the grant of summary judgment is affirmed.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that Appellee recover of Appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Washington County Common Pleas Court to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as of the date of this entry.
Abele, J. Evans, J.: Concur in Judgment and Opinion
For the Court
 __________________________ William H. Harsha, Judge