By the Court.
 

 The contention here is that the Court of Appeals committed prejudicial error in entering final judgment for the defendant. This court cannot sustain the contention.
 

 It is not claimed that there was any water on the floor when plaintiff entered the store. The dripping of the water on the linoleum or floor covering took place two minutes before plaintiff fell. There is no claim that the floor was unsafe or dangerous on that day prior to the time the water dripped and there is no proof that the defendant had actual notice that the water was on the floor. Two minutes would hardly be a reasonable time to wipe or mop up the water and certainly there would not be a lapse of sufficient time under the circumstances so that defendant could be said to have had constructive notice of the alleged slippery condition. Moreover, the failure to wipe the bottle off was the default or neglect of the customer. Under the circumstances no actionable negligence of the defendant was shown. Plaintiff saw and knew of the dripping of the water and did not use ordinary care to avoid slipping. We can only conclude that as a matter of law such want of care on her part was the sole and direct cause of the injury.
 

 Judgment affirmed.
 

 Weygandt, C. J., Turner,' Williams, Matthias, Hart and Zimmerman, JJ., concur.
 

 Bettman, J., not participating.