**ORNDORFF, Appellant,**

v.

**ALDI, INC., Appellee.**

[Cite as *Orndorff v. Aldi, Inc.* (1996), 115 Ohio App.3d 632.]

Court of Appeals of Ohio,
Ninth District, Summit County.

No. 17759.

Decided Nov. 20, 1996.

*William Hewitt*, for appellant.

*James Barnhouse*, for appellee.

---

DICKINSON, Judge.

Plaintiff Doris Orndorff has appealed from an order of the Summit County Common Pleas Court that granted defendant ALDI, Inc. summary judgment. This court affirms the judgment of the trial court because there were no genuine issues of material fact and defendant was entitled to judgment as a matter of law.

I

Plaintiff was shopping in an ALDI grocery store on December 11, 1992, when she slipped and fell in the main aisle near the checkout lines. On September 29, 1994, she filed this negligence action against defendant. She averred that she had slipped on some cheese and sustained severe injuries as a result of the fall, including aggravation of a preexisting back injury that will require surgery. She never saw the substance on the floor; at her deposition, however, she testified that the cheese was actually "Cheez Whiz," because right after her fall another customer told her that someone had broken a jar of Cheez Whiz. She also testified that "when I came around the corner, I started sliding and my feet came out from under me."

On August 31, 1995, following a period of discovery, defendant moved for summary judgment, arguing that plaintiff had presented no evidence other than her own allegation that there was a foreign substance on the floor. It also argued that there was no evidence that defendant knew, or should have known, about the substance. Plaintiff argued in opposition to the motion that there was enough evidence of defendant's actual or constructive knowledge of the cheese on the floor to preclude summary judgment. In support of this, she submitted an affidavit in which she stated that she slipped on cheese on the floor; that the cheese was within ten to fifteen feet from, and in the direct view of, at least four cashiers; and that it had been there for at least the amount of time that it took her to walk toward the checkout line and fall down. She also submitted an affidavit of another customer. That customer stated that plaintiff "was walking into line behind us when she slipped on some cheese on the floor which caused her to fall to the floor."

On February 27, 1996, the trial court granted defendant's motion, determining that, if there was any Cheez Whiz on the floor where she fell, plaintiff had not provided any evidence that defendant had actual or constructive knowledge of that fact, and, without such evidence, defendant could not be held liable. Plaintiff timely appealed to this court.

## II

Plaintiff's sole assignment of error is that the trial court incorrectly granted defendant's motion for summary judgment. In reviewing a trial court's ruling on a motion for summary judgment, this court applies the same standard a trial court is required to apply in the first instance: whether there were any genuine issues of material fact and whether the moving party was entitled to judgment as a matter of law. *Parenti v. Goodyear Tire & Rubber Co.* (1990), 66 Ohio App.3d 826, 829, 586 N.E.2d 1121, 1122–1123. The first step in determining whether there were any genuine issues of material fact is an examination of applicable substantive law:

"As to materiality, the substantive law will identify which facts are material. Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson v. Liberty Lobby, Inc.* (1986), 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202, 211.

As the moving party on the motion for summary judgment, defendant had the initial burden of informing the trial court of the basis upon which it claimed to be entitled to summary judgment. *Celotex Corp. v. Catrett* (1986), 477 U.S. 317, 323, 106 S.Ct. 2548, 2552–2553, 91 L.Ed.2d 265, 274. Plaintiff, however, would have had the burden of proof at trial. To avoid summary judgment, therefore, plaintiff was required to introduce evidence or point to evidence already in the record that, if believed, would have been sufficient to support judgment in her favor. See *Anderson v. Liberty Lobby, supra,* 477 U.S. at 249–250, 106 S.Ct. at 2510–2511, 91 L.Ed.2d at 212. In order for a plaintiff to prevail in a negligence action, she must prove that the defendant breached a duty it owed to her and that the breach was the proximate cause of her injuries. See *Cooperider v. Peterseim* (1995), 103 Ohio App.3d 476, 479, 659 N.E.2d 882, 884, citing *Mussivand v. David* (1989), 45 Ohio St.3d 314, 318, 544 N.E.2d 265, 269–270. Defendant has argued that plaintiff did not produce sufficient evidence that it breached any duty to her.

In a slip-and-fall case such as this one, a plaintiff must first show that there was a potential hazard. *Anaple v. Std. Oil Co.* (1955), 162 Ohio St. 537, 55 O.O. 424, 124 N.E.2d 128, paragraph one of the syllabus. Spilled cheese on the floor can be a potential hazard. See *Johnson v. Wagner Provision Co.* (1943), 141 Ohio St. 584, 26 O.O. 161, 49 N.E.2d 925 (mayonnaise on floor deemed a hazard). Since the witness's affidavit constituted evidence of a hazard, the trial court properly assumed for summary judgment purposes that there was a hazard where plaintiff fell. See Civ.R. 56. Next, a plaintiff has to prove one of three things: that defendant placed the substance on the floor, that defendant had

actual knowledge of it and failed to remove it promptly or warn customers adequately, or that the substance was there long enough to justify an inference that defendant's failure to remove it or warn customers was negligent. See *Johnson v. Wagner Provision Co., supra,* 141 Ohio St. at 589, 26 O.O. at 163–164, 49 N.E.2d at 927–928. See, also, *Kubiszak v. Rini's Supermarket* (1991), 77 Ohio App.3d 679, 687, 603 N.E.2d 308, 313–314. This third test is also known as the "constructive notice" or "constructive knowledge" test. See *Presley v. Norwood* (1973), 36 Ohio St.2d 29, 32, 65 O.O.2d 129, 130–131, 303 N.E.2d 81, 84, and *Neal v. Pickaway Cty. Agricultural Soc.* (Feb. 28, 1996), Pickaway App. No. 95CA7, unreported, 1996 WL 89527, at *2. Proof of any of these would establish a breach of duty, because a shopkeeper, while not an insurer of its customers against all accidents or injuries, has a duty to its customers to exercise ordinary care to keep the premises reasonably safe for them. See *Paschal v. Rite Aid Pharmacy, Inc.* (1985), 18 Ohio St.3d 203, 18 OBR 267, 480 N.E.2d 474.

Plaintiff has not argued that there was any issue of fact concerning the first of the above three tests for breach of duty. Plaintiff has instead argued that there was a genuine issue of fact concerning whether defendant had actual or constructive knowledge of the cheese on the floor. Plaintiff's arguments to the trial court were focused primarily on establishing that defendant had actual knowledge of the substance on the floor because, she asserted, the jar of Cheez Whiz was dropped within ten to fifteen feet of the cashiers who had a direct line of sight to the spot, and, therefore, they either heard the jar drop or saw the dangerous condition, or both. This, however, did not constitute sufficient evidence of actual knowledge to survive a motion for summary judgment. Plaintiff was required to provide evidence showing that there was an issue of fact; she could not rely on mere speculation as to whether the cashiers saw the cheese or heard a jar drop. See *Barnes v. Univ. Hosps. of Cleveland* (July 21, 1994), Cuyahoga App. No. 66799, unreported, 1994 WL 386008, at *4.

In response to defendant's motion, plaintiff provided no evidence that a jar was dropped on the site. She presented no evidence of any broken glass or jar. The cheese could have been spilled or tracked there. Nor did she show that, if a jar was dropped, it made a noise loud enough that the cashiers must have heard it, or that, in any event, the substance on the floor was so obvious that cashiers must have seen it. Plaintiff testified at her deposition that she had to wait in line and that there were no express lanes. She offered no evidence that the cashiers, who must have been busy ringing up groceries, would have been likely to hear a jar drop or see spilled cheese, especially when customers must have been walking and standing around the area as they were waiting to be checked out.

Moreover, to infer from the cheese on the floor that a jar was dropped at that spot (and not that the cheese was tracked there) and to further infer from that

inference that the cashiers heard the drop or saw the broken jar and cheese would amount to stacking of inferences, which is impermissible under Ohio law. *Donaldson v. N. Trading Co.* (1992), 82 Ohio App.3d 476, 481, 612 N.E.2d 754, 757–758, citing *Motorists Mut. Ins. Co. v. Hamilton Twp. Trustees* (1986), 28 Ohio St.3d 13, 28 OBR 77, 502 N.E.2d 204. The trial court, therefore, correctly found that plaintiff had not produced the necessary evidence that defendant had actual knowledge of the cheese to survive defendant's motion for summary judgment.

■ As the trial court noted, this failure to produce evidence that defendant placed the cheese on the floor or that defendant had actual knowledge that the cheese was there meant that plaintiff had to make a sufficient showing of constructive knowledge in order to survive the summary judgment motion. Plaintiff has argued that there was enough evidence of constructive knowledge to present a genuine issue of fact, since plaintiff stated in her affidavit that no one had dropped or spilled the cheese during the time she was walking to the checkout line. The trial court, however, held that this provided no evidence of how long the cheese had been there, and, since such evidence was essential to plaintiff's case, plaintiff could not survive a summary judgment motion without it.

Plaintiff testified at her deposition that "when I came around the corner, I started sliding." This testimony implied an immediate, or almost immediate, beginning to the fall after she turned the corner from a perpendicular aisle into the main aisle. If plaintiff turned a corner and immediately began sliding, there was only a slight interval of time, if any, during which plaintiff might say with certainty that no one dropped or spilled the cheese. The cheese could have been dropped or spilled just before she turned the corner without her knowing it. Further, she provided no evidence as to whether any time at all passed between the time she turned the corner and the time she began sliding. The trial court properly found that she had provided no evidence of the amount of time the cheese had been on the floor prior to her fall, and that such failure was fatal to her attempt to avoid summary judgment. *Presley v. Norwood, supra,* 36 Ohio St.2d at 32, 65 O.O.2d at 130–131, 303 N.E.2d at 84.

Plaintiff has argued that the trial court should have found that plaintiff's affidavit was evidence of some amount of time, the time when she may have had the area in sight before she began to fall. Based on plaintiff's deposition, however, that could have been, at best, a few seconds. In this case, a few seconds would not constitute enough time to charge defendant with liability. *Anaple* and *Johnson, supra,* mandate that plaintiff show not only some amount of time that the cheese was on the floor, but also that the time was sufficient to give defendant an opportunity to notice the cheese and either remove it or warn its customers of its presence. This court is not prepared to draw a bright line

indicating how much time is too little and how much is long enough to find that a defendant should have noticed and removed or warned of a dangerous condition; under the facts of this case, however, a few seconds would not be enough time to justify a finding that the defendant, in the exercise of ordinary care, should have noticed the cheese and either removed it or warned customers. See *Johnson, supra* (two to three minutes between a customer's dropping of a jar of mayonnaise and the plaintiff's fall in a grocery store not sufficient time to find defendant liable), and *Hardgrove v. Isaly Dairy Co.* (1942), 139 Ohio St. 641, 643, 23 O.O. 146, 146, 41 N.E.2d 862, 826–863 (defendant not liable for customer's fall two minutes after water was spilled on restaurant floor). The trial court, therefore, in holding that plaintiff provided no evidence of the time the cheese was on the floor before she fell, committed only harmless error if it committed any error at all. If plaintiff did provide evidence of time, it was insufficient as a matter of law for a finding of constructive notice.

## III

Plaintiff's assignment of error is overruled. The judgment of the trial court is affirmed.

*Judgment affirmed.*

REESE, J., concurs.

BAIRD, P.J., dissents.

BAIRD, Presiding Judge, dissenting.

Plaintiff's counsel at oral argument conceded that this is not a constructive-knowledge case because he has no evidence as to how long the cheese was on the floor. Counsel maintained, however, that this is an actual-notice case, and that the available circumstantial evidence is adequate to preclude summary judgment on that point. There is direct evidence that there was cheese on the floor and the circumstances would permit the single inference that employees actually saw it there. Accordingly, plaintiff has established that there is at least a question of fact as to actual notice, and, therefore, summary judgment was inappropriate.