DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Plaintiffs-Appellants, Nancy and John Phares, appeal from the decision of the Lorain County Court of Common Pleas granting summary judgment in favor of the Defendants-Appellees, Elyria Joint Venture Company and Commercial Realty Management Company, on their claim for injuries sustained by Mrs. Phares when she slipped and fell at the Midway Mall in Elyria.[1] We affirm.
On December 20, 1993, Mrs. Phares and a co-worker, Sharon Whitman, went to the Midway Mall to pick up toys that were being donated to the Lorain County Children's Services. Mrs. Phares and her companion worked for Children's Services, and they previously had made several similar trips to Midway Mall for this purpose. As was customary, they entered the mall through one of the loading docks. While they were walking down a corridor, Mrs. Phares slipped and fell. After the fall, Ms. Whitman saw a clear drop of slippery liquid about one-inch in diameter on the floor and attributed Mrs. Phares' slip to this liquid. A short time later, Ms. Whitman and a security person returned to the area of the fall, but they could not find any liquid on the floor.
Plaintiffs filed a complaint against the mall proprietors claiming that Mrs. Phares slipped and fell due to the alleged negligence of Defendants. Defendants moved for summary judgment. The trial court found that Plaintiffs had failed to present any Civil Rule 56(C) evidence that would prove that Defendants had breached any duty owed. Therefore, in the absence of any genuine issue of material fact on this essential element, the trial court granted summary judgment in favor of Defendants. Plaintiffs timely appeal, raising a single assignment of error:
ASSIGNMENT OF ERROR
 The Trial Court erred as a matter of law and to the prejudice of [Plaintiffs] by determining that there were no genuine issues of material fact and rendering a summary judgment in favor of [Defendant] against [Plaintiffs], where [Defendants have] failed to offer proof of facts which are essential to their case.
Pursuant to Civil Rule 56(C), summary judgment is proper if:
 (1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party.
Temple v. Wean United, Inc. (1977), 50 Ohio St.2d 317, 327. Appellate review of a lower court's entry of summary judgment isde novo, applying the same standard used by the trial court.McKay v. Cutlip (1992), 80 Ohio App.3d 487, 491. The party seeking summary judgment initially bears the burden of informing the trial court of the basis for the motion and identifying portions of the record demonstrating an absence of genuine issues of material fact as to the essential elements of the nonmoving party's claims. Dresher v. Burt (1996), 75 Ohio St.3d 280, 292. The movant must point to some evidence in the record of the type listed in Civ.R. 56(C) in support of the motion. Id. Once this burden is satisfied, the nonmoving party has the burden, as set forth in Civ.R. 56(E), to offer specific facts showing a genuine issue for trial. Id. at 293. The nonmoving party may not rest upon the mere allegations and denials in the pleadings, but instead must point to or submit some evidentiary material that shows a genuine dispute over the material facts exists. SeeHenkle v. Henkle (1991), 75 Ohio App.3d 732, 735.
Plaintiffs argue that summary judgment was not proper because Defendants failed to meet their burden of proof. Plaintiffs claim that Defendants failed to offer any proof that they did not have knowledge of the dangerous condition and that they failed to offer evidence that they acted reasonably in inspecting and cleaning the corridor. Plaintiffs state that "it is incumbent upon the defendant to produce evidence demonstrating that he is entitled to judgment in his favor." We find that Plaintiffs' argument is without merit because they have misconstrued the burdens that are placed upon each party.
It is well-settled that in order to establish a cause of action for negligence, one must show the existence of a duty of care to the plaintiff, a breach of that duty, and an injury proximately resulting from the breach. See, e.g., Menifee v. OhioWelding Products, Inc. (1984), 15 Ohio St.3d 75, 77; Keister v.Park Centre Lanes (1981), 3 Ohio App.3d 19, 22-23. An owner or occupier of a business premise owes an invitee a duty of ordinary care in maintaining the property in a reasonably safe condition so that invitees are neither unnecessarily nor unreasonably exposed to danger. Paschal v. Rite Aid Pharmacy, Inc. (1985), 18 Ohio St.3d 203;Perry v. Eastgreen Realty Co. (1978), 53 Ohio St.2d 51,53. There are limitations to this duty. An owner or occupier of a premise is not an insurer of invitees while they are on the premises. Id.; Helms v. American Legion, Inc. (1966), 5 Ohio St.2d 60, syllabus.
The scope and nature of a defendant's duty will vary according to the differing fact patterns. In order to hold a defendant liable for a slip and fall caused by a foreign substance found on the floor, the plaintiff has the burden of proving: (a) that the defendant or his agent was responsible for the substance being on the floor; (b) that the defendant knew of the substance on the floor and failed to remove it; or (c) that the substance was on the floor for a long enough period of time so that the defendant should have known about it and removed it. Johnson v.Wagner Provision Co. (1943), 141 Ohio St. 584, 589; Orndorff v.Aldi, Inc. (1996), 115 Ohio App.3d 632, 635-36. See, also, Parrasv. Standard Oil Co. (1953), 160 Ohio St. 315, 317. It is well-settled that the plaintiff has the burden of proof at trial. See, e.g., Presley v. Norwood (1973), 36 Ohio St.2d 29, 31;Orndorff v. Aldi, Inc., supra, at 635. Therefore, in order to avoid summary judgment, a plaintiff is required to introduce evidence or point to evidence already in the record that, if believed, would be sufficient to support judgment in the plaintiff's favor. Orndorff v. Aldi, Inc., supra, at 635.
In the case before us, it was not Defendants' burden to prove that they did not place the substance on the floor, or that they did not have actual or constructive notice of the substance. Defendants' burden upon moving for summary judgment on the ground that Plaintiffs could not prove their case was to inform the trial court of the basis for the motion, and to identify those portions of the record that demonstrated the absence of a genuine issue of material fact on the essential elements of the nonmoving party's claims. See Dresher v. Burt, supra, at 292.
We find that Defendants met their burden by extensively pointing to deposition testimony that demonstrated Plaintiffs' lack of evidence on the essential elements necessary to prove a breach of duty on the part of Defendants. The deposition testimony of Mrs. Phares and Ms. Whitman clearly showed that no one knew what the alleged substance on the floor was or how it got there. In fact, Mrs. Phares had no actual knowledge of the existence of any wet or slippery substance being on the floor. She relied totally upon the observations of her companion. In construing the facts in a light most favorable to the non-moving party, we shall assume that there was a slippery foreign substance on the floor which was the proximate cause of Mrs. Phares' fall. However, the women's testimony demonstrated a complete lack of any evidence that Defendants or their agents were in any way responsible for causing the wet spot to be on the floor.
Defendants also specifically pointed to testimony in the depositions that demonstrated that Defendant's lacked actual or constructive notice of the existence of a foreign substance on the floor. Both women testified that they were not able to see anything on the floor prior to the fall. In fact, even after the fall, Ms. Whitman was not able to detect anything on the floor until she got down on the floor for a closer examination.
Q. Did you see what caused her to slip?
 A. Yes, I did. * * * It was clear, it was round and it was slippery feeling, * * *.
Q. And this was something on the floor?
A. Something on the floor.
Q. Approximately how big was it?
A. Maybe around an inch.
Q. Was it like a drop of something?
A. It was a drop.
* * *
Q. How do you know that's what she slipped in?
 A. Because when I got down to see exactly what was on the floor I could see where she slipped through it, because her shoe print had kind of slipped through it.
* * *
 Q. And aside from that it was a totally clear liquid?
A. It was clear of some sort.
After reporting the fall, Ms. Whitman returned to the scene with a security guard, but they were not able to detect any foreign substance. Other than this minute amount of clear liquid, which was not noticeable until Ms. Whitman got down near to the floor and looked and felt for something, nothing else was visible on the floor in the corridor.
Q. Did you see anything else on the floor?
A. No, I did not.
Q. The floor was otherwise clean?
A. Very clean.
The reasonable inference to be drawn from these facts is that Defendants would not have had knowledge of the presence of a small, clear, almost undetectable substance in an otherwise clean corridor. The fact that the corridor was "very clean" would indicate that Defendants had been using reasonable care in maintaining the area. Moreover, there was not any evidence that the substance had been on the floor long enough for Defendants' to have had constructive notice of its presence.
 Q. You have no way of knowing how long this drop of slippery substance had been on the floor before Ms. Phares stepped on it, do you?
A. No.
After the party seeking summary judgment has satisfied its initial responsibility of informing the court of the basis for the motion and identifying those portions of the record which support his or her claim, then the nonmoving party has a reciprocal burden outlined in Civ.R. 56(E) to set forth specific facts showing that there is a genuine issue for trial. See Vahila v. Hall (1997),77 Ohio St.3d 421, 429. If the nonmovant does not so respond, summary judgment, if appropriate, shall be entered against the nonmoving party. Id.
In the case at bar, we find that Defendants met their initial burden. Plaintiffs, however, failed to come forth with any evidence that would raise a genuine issue of material fact on the essential elements of the case. They did not point to any evidence that would tend to show that Defendants were responsible for causing the liquid to be on the floor. Nor did they provide any evidence that would have demonstrated that Defendants had actual or constructive notice of the presence of the substance. The only evidence provided by Plaintiffs in their reply was an affidavit by Mrs. Phares and Defendants' response to interrogatories, and neither document provided any evidence of the elements that Plaintiffs would have to prove at trial. In her affidavit, Mrs. Phares simply stated what her purpose was in going to the mall and that she had "slipped on an oily substance and fell." The interrogatories did not appear to contain any information that would be supportive of Plaintiffs' cause, but only provided the name of the cleaning service responsible for maintenance of the area.
Instead of providing evidence on the essential elements necessary to prove their case, Plaintiffs rely upon the assertion that Defendants have failed to present concrete evidence that would prove that they were not liable. As stated above, it is the Plaintiffs who have the responsibility to produce some evidence that would at least raise a genuine issue of material fact as to Defendants' liability. Plaintiffs have theorized and speculated as to possible scenarios that could impose liability upon Defendants. However, the fact that an invitee falls while on the premises does not give rise to any inference or presumption of negligence. Parras v. Standard Oil Co., 160 Ohio St. 315, at the paragraph one of the syllabus. "It is incumbent on the plaintiff to show how and why an injury occurred — to develop facts from which it can be determined * * * that the defendant failed to exercise due care and that such failure was a proximate cause of the injury." Boles v. Montgomery Ward (1950), 153 Ohio St. 381,389. The plaintiff may not rely upon mere "conjecture, guess, random judgment or supposition" in support of their case. Id. at paragraph six of the syllabus.
A review of the record reveals that there was no evidence to support Plaintiffs' allegations. Summary judgment in favor of Defendants was appropriate. Plaintiffs' assignment of error is overruled, and the judgment of the trial court is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this court, directing the County of Lorain Common Pleas Court to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to appellant.
 Exceptions. _______________________________ LYNN C. SLABY
FOR THE COURT
DICKINSON, J. CONCURS
[1] The claims against two other defendants, Midway Mall Management Corporation and Richard and David Jacobs Group, Inc., were dismissed pursuant to Civ.R. 41(A)(1), and are not a part of this appeal.