DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
As a threshold matter, this Court consolidated C.A. No. 19800 and 19802 as they arise from the same case below.
Appellants-plaintiffs Dennis and Claire Graley appeal (C.A. No. 19800) the orders of the Summit County Court of Common Pleas granting summary judgment in favor of defendants-appellees Truck Drivers Local 407 and Lou McAndrews, and granting a directed verdict at the close of the appellant's case dismissing Yellow Freight Systems, Inc. ("Yellow Freight"). As to these claims, this Court affirms.
Appellant-defendant Joe Treglia appeals (C.A. No. 19802) the order of the trialcourt entering judgment on the verdict for assault and battery committed against Dennis Graley. As to these claims, this Court affirms.
 I.
Dennis Graley was employed by Yellow Freight as a truck driver. On April 6, 1994, Graley was driving en route to Maybrook, New York. The International Brotherhood of Teamsters and the AFL-CIO initiated a strike against Yellow Freight and other carriers that very day. Upon his arrival in Maybrook, Graley encountered a picket line. Graley was advised to complete his run, get the requisite eight hours of sleep, and return to the Richfield, Ohio domicile terminal. The picket line did not obstruct Graley in any way.
On his return trip Graley stopped in Pennsylvania was contacted by a Yellow Freight dispatcher who advised him to go to a predetermined meeting place to join up with an officer of the Richfield Police Department, who was to escort Graley into the terminal. Graley met with the officer who advised him that picketers promised the officer that they would allow the trucks to enter the terminal, though picketers had previously broken a window as a trucker unsuccessfully attempted to proceed past the picket line. Graley and his colleague Terry Long (in a second truck) followed the officer as they proceeded to the Richfield picket line.
The picketers permitted the officer to pass, but then immediately converged on Graley and Long. Joe Treglia jumped onto the running boards of Graley's truck, reached in through the window, and struck Graley with both of his hands. Graley scrambled back into the cab of his truck as he was hit again. Graley was hit about the face and jaw. Graley suffered injuries to his neck and back.
Dennis and Claire Graley filed suit for assault, battery, and loss of consortium, naming Joe Treglia, Yellow Freight, Joe McAndrews, and Truck Drivers Local Union 407. The trial court granted summary judgment against Graley as to defendants McAndrews and Truck Drivers Local Union 407. The matter proceeded to trial where at the close of the Graleys' case, the trial court granted Yellow Freight's motion for a directed verdict. The trial proceeded against defendant Treglia. The jury found him liable, and the trial court entered judgment in favor of Graley in the amount of $100,000.00 in actual damages, $25,000.00 in punitive damages, and $30,000.00 to Claire Graley as damages for loss of consortium.
The Graleys timely appeal, alleging three assignments of error. Treglia appeals separately, alleging one assignment of error. As stated above, the cases were consolidated for review.
 II. Graleys' First Assignment of Error The trial court erred in granting summary judgment to Truck Drivers Local 407 dismissing it from the tort action.
In their first assignment of error, the Graleys claims that the trial court improperly granted summary judgment in favor of Truck Drivers Local Union 407. This Court disagrees.
Because only legal questions are involved, an appellate court will not afford a trial court any special deference when reviewing an entry of summary judgment. Klingshirn v. Westview Concrete Corp. (1996),113 Ohio App.3d 178, 180. Rather, the appellate court will apply the same standard used by the trial court, and will review the matter de novo.Id. at 180.
Civ.R. 56(C) provides that summary judgment may be granted only when a court is satisfied that there is no genuine issue as to any material facts, that the moving party is entitled to judgment as a matter of law, and that reasonable minds can come to but one conclusion that, even viewing the evidence most strongly in favor of the nonmoving party, is adverse to the nonmoving party. State ex rel. Leigh v. State Emp.Relations (1996), 76 Ohio St.3d 143, 144. The substantive law involved controls which facts are considered material; those factual disputes that have the potential to affect the outcome of a lawsuit are material and would preclude summary judgment, while factual disputes that cannot affect the outcome are deemed irrelevant and will not affect summary judgment. Orndorff v. Aldi, Inc. (1996), 115 Ohio App.3d 632, 635, appeal not allowed (1997), 78 Ohio St.3d 1429, citing Anderson v. LibertyLobby, Inc. (1986), 477 U.S. 242, 248, 91 L.Ed.2d 202, 211.
This Court has previously noted:
 A complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial. As a result, a moving party is entitled to judgment as a matter of law where the nonmoving party failed to come forth with evidence of specific facts on an essential element of the case with respect to which he has the burden of proof.
Black v. Cosentino (1996), 117 Ohio App.3d 40, 43 citing Celotex Corp.v. Catrett (1986), 477 U.S. 317, 323, 91 L.Ed.2d 265, 273. The Ohio Supreme Court has explained the burden allocation involved for moving and nonmoving parties:
 [A] party seeking summary judgment, on the ground that the nonmoving party cannot prove its case, bears the initial burden of informing the trial court of the basis for the motion, and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact on the essential element(s) of the nonmoving party's claims. The moving party cannot discharge its initial burden under Civ.R. 56 simply by making a conclusory assertion that the nonmoving party has no evidence to prove its case. Rather, the moving party must be able to specifically point to some evidence of the type listed in Civ.R. 56(C) which affirmatively demonstrates that the nonmoving party has no evidence to support the nonmoving party's claims. If the moving party fails to satisfy its initial burden, the motion for summary judgment must be denied. However, if the moving party has satisfied its initial burden, the nonmoving party then has a reciprocal burden outlined in Civ.R. 56(E) to set forth specific facts showing that there is a genuine issue for trial and, if the nonmovant does not so respond, summary judgment, if appropriate, shall be entered against the nonmoving party.
(Emphasis deleted.) Dresher v. Burt (1996), 75 Ohio St.3d 280, 293.
It is well settled that for a union to be liable for torts flowing from a labor strike, the plaintiff must show by "clear, unequivocal, and convincing proof," that the unlawful acts were expressly authorized or ratified by the union. United Mine Workers v. Gibbs (1966), 383 U.S. 715,737-738, 86 S.Ct. 1130, 16 L.Ed.2d 218. Graley failed to meet hisDresher burden against Truck Drivers Local Union 407. In his deposition testimony, Graley admitted that he had no evidence that the union authorized or ratified the violence carried out against him by Treglia, a member of the union. Without proof of authorization or ratification by the union, the union is not liable merely because one of its members was a ruffian. Accordingly, the trial court properly granted summary judgment in favor of the union.[1]
The Graleys' first assignment of error is overruled.
 Graleys' Second Assignment of Error The trial court erred in granting summary judgment to Lou McAndrews dismissing him from the tort action.
In their second assignment of error, the Graleys claims that the trial court improperly granted summary judgment in favor of Lou McAndrews. This Court disagrees.
McAndrews was a union steward who was on the picket lines at the time Graley was attacked. McAndrews duties as a union steward were ministerial functions regarding the relaying of complaints made by union members, and his official duties in no way extended to the conduct or supervision of the strike. Moreover, Graley conceded that McAndrews was not one of the parties who actually attacked him. The mere sight of McAndrews moving between Graley and Long's trucks does not suffice to demonstrate, even if true, that McAndrews was liable for the intentional torts visited against Graley. Since Graley has failed to set forth specific facts showing that there is a genuine issue of fact for trial, summary judgment was properly granted in favor of McAndrews. See Dresher, supra.
The Graleys' second assignment of error is overruled.
 Graleys' Third Assignment of Error The trial court erred in granting a directed verdict at the close of the plaintiffs' evidence dismissing Yellow Freight Systems, inc., from the tort action and in excluding relevant evidence from its determination.
In their third assignment of error, the Graleys alleges that the trial court improperly granted Yellow Freight's motion for directed verdict at the close of the Graleys' case. This Court disagrees.
The Ohio Supreme Court has set forth a tripartite test to sustain an intentional tort claim brought by an employee against his employer:
 (1) knowledge by the employer of the existence of a dangerous process, procedure, instrumentality or condition within its business operation; (2) knowledge by the employer that if the employee is subjected by his employment to such dangerous process, procedure, instrumentality or condition, then harm to the employee will be a substantial certainty; and (3) that the employer, under such circumstances, and with such knowledge, did act to require the employee to continue to perform the dangerous task.
(Citations omitted.) Fyffe v. Jeno's, Inc. (1991), 59 Ohio St.3d 115, paragraph one of the syllabus. As a threshold matter, the strike line was from without the business operation of Yellow Freight. Before Graley came to the Richfield home domicile terminal, Yellow Freight contacted the Richfield Police Department in response to an earlier attack by picketers against a returning trucker. Picketers assured the officer of the Richfield Police Department that escorted Graley that they would be peaceful, and that no harm would befall returning truckers. Graley failed to present any evidence that Yellow Freight knew, despite contrary assertions by the picketers accepted by police, that the situation was still dangerous for Graley and that it was substantially certain to cause Graley harm.For his part Graley claims that Yellow Freight is liable for the intentional tort because they knew of the dangerous condition and essentially forced him into it by advising that he return the truck to the home domicile terminal in Richfield or be discharged.[2] Graley also argues that Yellow Freight knew from earlier that day that the picketers were looking for Graley. When trucker Lloyd White called in before he got to Richfield, a Yellow Freight dispatcher advised that the picketers were looking for Graley. When White was attacked going through the picket line, picketers asked for Graley.
However Graley fails to recognize that Yellow Freight did call the Richfield Police Department after White was attacked and before Graley was advised to bring the truck through the Richfield picket line. Police mingled with picketers and determined that the situation was stable. According to Graley, only then did Yellow Freight order him to bring in the truck or face discharge. Based on the police control of the situation, and police confidence in the new peacefulness of the picketers, the command by Yellow Freight to Graley was reasonable and cannot be construed as amounting to an intentional tort under Fyffe.
For the foregoing reasons, the trial court properly granted Yellow Freight's motion for a directed verdict at the close of the Graleys' case. See Civ.R. 50(A)(4).
The Graleys' third assignment of error is overruled.
 Treglia's Assignment of Error The trial court erred in entering judgment on the verdict against John Treglia.
In his sole assignment of error, Treglia asserts that the verdict was against the manifest weight of the evidence. This Court disagrees.
A factual finding by the trier of fact will not be reversed on appeal unless it is against the manifest weight of the evidence. When evaluating whether a judgment is against the manifest weight of the evidence in a civil context, the standard of review is the same as that in a criminal context. Frederick v. Born (Aug. 21, 1996), Lorain App. No. 95CA006286, unreported. In resolving whether a criminal conviction is against the manifest weight of the evidence:
 The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the [trier of fact] clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction.
State v. Thompkins (1997), 78 Ohio St.3d 380, 387, quoting State v.Martin (1983), 20 Ohio App.3d 172, 175.
In the instant case, Treglia was found liable for assault and battery upon Graley. Graley testified that Treglia jumped onto his running boards, reached into his cab and struck him about the face. Treglia continued to beat Graley about his head as he tried to retreat further into his cab, but was caught by the gear shift. A police officer had to forcibly remove Treglia from Graley's truck. As a result of the attack he suffered, Graley experienced neck and back pain. For days thereafter Graley was light headed and dizzy, and could not walk straight. Graley underwent a treatment regime, under supervision of a doctor, for his injuries. Based on the foregoing evidence, this Court concludes that the trial court's judgment was supported by the manifest weight of the evidence.
Treglia's assignment of error is overruled.
Judgments affirmed.
The Court finds that there were reasonable grounds for these appeals.
We order that a special mandate issue out of this Court, directing the County of Summit, Court of Common Pleas, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to appellants.
Exceptions.
 ___________________________ DONNA J. CARR
SLABY, J., CONCURS
BAIRD, P. J., CONCURS IN JUDGMENT ONLY
[1] Graley alleges that proof of the trial court's error is manifest in the fact that the union won summary judgment against Graley but not against Long, though both cases presented the same nucleus of facts. This Court cannot review this claim because the materials referred to by Graley are not in the record before this Court, and the record from Long's case (which was resolved by a settlement) was not transmitted to this Court by Graley. It is the duty of the appellant to transmit a complete record. Volodkevich v. Volodkevich (1989), 48 Ohio App.3d 313,314. See, also, App.R. 9 and 10. Regardless, this Court has completed a de novo review of the grant of summary judgment in favor of the union, rendering the trial court's action in Long's case irrelevant to the review and resolution of this appeal. See Klingshirn, supra, at 180.
[2] Yellow Freight personnel denied the allegation that Graley was threatened with termination if he did not bring his truck through the picket line into the Richfield terminal.