This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant Linda Cessna has appealed from the order of the Summit County Court of Common Pleas granting summary judgment in favor of Lone Star Steakhouse Saloon of Ohio, Inc. ("Lone Star"). This Court affirms.
 I.
Cessna was employed as a server at the Lone Star on West Market Street in Akron since January of 1995. As with most restaurants, parts of Lone Star's kitchen floor became slick and wet. To counter act the wet floors, Lone Star had protocols in place that: included use of caution signs, required spills to be cleaned up immediately, required employees to wear tennis shoes, and required notification to managers of the wet and slippery condition of the floor. For traction, employees were required to place cardboard boxes, rubber mats, or salt to remedy wet kitchen floor areas.
As a server, Cessna was required to regularly frequent the kitchen. On December 6, 1998, Cessna noticed standing water on the kitchen floor. The kitchen floor drain was clogged. A manager was advised of the condition, and a plumber was called to remedy the problem. Before the drain was fixed, Cessna slipped and fell on the wet floor. Cessna was not able to complete her shift, and she sought medical treatment. Cessna missed the next day of work, but was able to return thereafter. Cessna complained of back pain, and sought and maintains chiropractic treatment for her back. Cessna pursued and received workers' compensation benefits.
On January 15, 1999, Cessna was near the soda dispenser and slipped and fell on the wet floor. Apparently unbeknownst to anyone, some ice had fallen to the floor and melted. The fall caused a cut on her elbow that a manager helped her bandage. Cessna was able to complete her shift. The cut later required three stitches to close. Cessna missed no work and filed no workers' compensation claim as a result of the fall.
On December 11, 2000, Cessna filed suit against Lone Star alleging two intentional tort claims based on the two instances where she slipped and fell on the kitchen floor. On January 25, 2001, Lone Star filed a motion for summary judgment. On February 12, 2001, Cessna filed a motion in opposition and requested that a ruling on summary judgment be held in abeyance pending additional discovery. On February 15, 2001, Cessna filed a supplemental motion in opposition to summary judgment. On February 27, Lone Star filed its reply brief in support of summary judgment. On April 6, 2001, the trial court granted Lone Star's motion for summary judgment.
Cessna has timely appealed, asserting two assignments of error.
 II. FIRST ASSIGNMENT OF ERROR
 THAT THE TRIAL COURT ERRED IN GRANTING DEFENDANT-APPELLEE'S MOTION FOR SUMMARY JUDGMENT.
In her first assignment of error, Cessna claims that the trial court committed error when it granted summary judgment in favor of Lone Star. This Court disagrees.
Because only legal questions are involved, an appellate court will not afford a trial court any special deference when reviewing an entry of summary judgment. Klingshirn v. Westview Concrete Corp. (1996),113 Ohio App.3d 178, 180. Rather, the appellate court will apply the same standard used by the trial court, Klingshirn, supra, at 180, citingPerkins v. Lavin (1994), 98 Ohio App.3d 378, 381, and will review the matter de novo. Id. at 180, citing Tyler v. Kelley (1994),98 Ohio App.3d 444, 446.
Civ.R. 56(C) provides that summary judgment may be granted only when a court is satisfied that there is no genuine issue as to any material facts, that the moving party is entitled to judgment as a matter of law, and that reasonable minds can come to but one conclusion that, even viewing the evidence most strongly in favor of the nonmoving party, is adverse to the nonmoving party. State ex rel. Leigh v. State Emp.Relations Bd. (1996), 76 Ohio St.3d 143, 144. The substantive law involved controls which facts are considered material; those factual disputes that have the potential to affect the outcome of a lawsuit are material and would preclude summary judgment, while factual disputes that cannot affect the outcome are deemed irrelevant and will not affect summary judgment. Orndorff v. Aldi, Inc. (1996), 115 Ohio App.3d 632,635, citing Anderson v. Liberty Lobby, Inc. (1986), 477 U.S. 242, 248,91 L.Ed.2d 202, 211.
This Court has previously noted:
 A complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial. As a result, a moving party is entitled to judgment as a matter of law where the nonmoving party failed to come forth with evidence of specific facts on an essential element of the case with respect to which he has the burden of proof.
Black v. Cosentino (1996), 117 Ohio App.3d 40, 43 citing Celotex Corp.v. Catrett (1986), 477 U.S. 317, 323, 91 L.Ed.2d 265, 273. The Ohio Supreme Court has explained the burden allocation involved for moving and nonmoving parties:
 [A] party seeking summary judgment, on the ground that the nonmoving party cannot prove its case, bears the initial burden of informing the trial court of the basis for the motion, and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact on the essential element(s) of the nonmoving party's claims. The moving party cannot discharge its initial burden under Civ.R. 56 simply by making a conclusory assertion that the nonmoving party has no evidence to prove its case. Rather, the moving party must be able to specifically point to some evidence of the type listed in Civ.R. 56(C) which affirmatively demonstrates that the nonmoving party has no evidence to support the nonmoving party's claims. If the moving party fails to satisfy its initial burden, the motion for summary judgment must be denied. However, if the moving party has satisfied its initial burden, the nonmoving party then has a reciprocal burden outlined in Civ.R. 56(E) to set forth specific facts showing that there is a genuine issue for trial and, if the nonmovant does not so respond, summary judgment, if appropriate, shall be entered against the nonmoving party. (Emphasis deleted.)
Dresher v. Burt (1996), 75 Ohio St.3d 280, 293.
Cessna's complaint alleged that Lone Star committed intentional torts on the two occasions that she slipped and fell.
Prior to 1982, the protection afforded by workers' compensation laws in Ohio encompassed any injury occurring at the workplace. The Ohio Supreme Court has since recognized that workers' compensation laws were designed to improve the plight of the injured worker, and observed that to hold that intentional torts were included under the Workers' Compensation Act would have the effect of encouraging such conduct, which was clearly not in line with the motivating spirit and purpose of the Act. Blankenshipv. Cincinnati Milacron Chemicals (1982), 69 Ohio St.2d 608, 614; Bradyv. Safety-Kleen Corp. (1991), 61 Ohio St.3d 624, paragraph one of the syllabus. Affording an employer immunity for its intentional behavior would not promote a safe and injury free work environment, for an employer could commit intentional acts with impunity with the knowledge that, at the very most, his workers' compensation premiums may rise.Blankenship, supra, at 615. Therefore, an employee is not precluded by the exclusivity provisions of the workers' compensation laws from bringing a common law intentional tort action if he or she can prove the elements of a common law intentional tort by an employer. Id. See, also, Trojan v. Ro-Mai Industries, Inc. (Aug. 19, 1998), Summit App. 18778, unreported.
In order to establish a prima facie case within the common law meaning of an intentional tort by an employer, an employee must demonstrate each of the following:
 (1) knowledge by the employer of the existence of a dangerous process, procedure, instrumentality or condition within its business operation;
 (2) knowledge by the employer that if the employee is subjected by his employment to such dangerous process, procedure, instrumentality or condition, then harm to the employee will be a substantial certainty; and,
 (3) that the employer, under such circumstances, and with such knowledge, did act to require the employee to continue to perform the dangerous task.
Fyffe v. Jeno's Inc. (1991), 59 Ohio St.3d 115, paragraph one of the syllabus. Moreover, "[t]o establish an intentional tort of an employer, proof beyond that required to prove negligence and beyond that to prove recklessness must be established." Id. at paragraph two of the syllabus. The Fyffe court further explained by stating:
 Where the employer acts despite his knowledge of some risk, his conduct may be negligence. As the probability increases that particular consequences may follow, then the employer's conduct may be characterized as recklessness. As the probability that the consequences will follow further increases, and the employer knows that injuries to employees are certain or substantially certain to result from the process, procedure or condition and he still proceeds, he is treated by the law as if he had in fact desired to produce the result. However, the mere knowledge and appreciation of a risk — something short of substantial certainty — is not intent.
Id. See, also, Van Fossen v. Babcock Wilcox Co. (1988),36 Ohio St.3d 100, 117. It is this element of substantial certainty that distinguishes a merely negligent act from intentionally tortious conduct. Id. at 116.
The distinction between negligence, recklessness and substantial certainty is a matter of degree. Van Fossen, supra, at 115, quoting Prosser Keeton, in Law of Torts (5 Ed. 1984) 36, Section 8. The line must be drawn where "the known danger ceases to be only a foreseeable risk which a reasonable person would avoid, and becomes in the mind of the actor a substantial certainty." Id.
In the instant case Cessna has utterly failed to demonstrate an intentional tort on the part of Lone Star. In Cessna's own deposition she conceded: that Lone Star was trying to fix the clogged drain on December 6, 1998, that Lone Star remained vigilant to wet and slippery conditions on the kitchen floor, that no one wanted her to fall, that no one purposely made the floor wet so as to create a substantial certainty of a fall, that no one ordered her to particular areas of the kitchen or required her to work where there was a substantial certainty of a fall, and that everyone at Lone Star was concerned and cared about employee safety. Cessna concedes as well that Lone Star had no notice of the slippery condition when she fell the second time.
All parties concede that the kitchen floor of a restaurant can become slippery and wet from time to time, but that practical reality does notipso facto transform itself into an intentional tort creating a substantial risk of injury to employees. This Court concludes that there is no dispute as to any material fact as it relates to Cessna's complaint. Accordingly, summary judgment was appropriately granted in favor of Lone Star.
Cessna's first assignment of error is overruled.
SECOND ASSIGNMENT OF ERROR
 THAT THE TRIAL COURT ERRED IN NOT RULING UPON THE PLAINTIFF-APPELLANT'S RULE 56(F) MOTION TO CONTINUE DISCOVERY.
Cessna claims in her second assignment of error that the trial court erred when it did not expressly rule on her request for more discovery in order to defend against the motion for summary judgment. This Court disagrees.
Cessna's discovery motion was governed by Civ.R. 56(F), which provides:
 Should it appear from the affidavits of a party opposing the motion for summary judgment that the party cannot for sufficient reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or discovery to be had or may make such other order as is just.
The affidavit requirement is no mere trifle. To obtain a continuance under Civ.R. 56(F), a party must file an affidavit that sets forth why it is unable to present sufficient facts to rebut a motion for summary judgment. Grange Mut. Cas. Co. v. State Auto Mut. Ins. Co. (1983),13 Ohio App.3d 217, 217-218. Relief under Civ.R. 56(F) is not mandatory, but rather is a matter of the court's discretion. Ramsey v. Edgepark,Inc. (1990), 66 Ohio App.3d 99, 106. An abuse of discretion is more than an error of law or judgment, but rather connotes an action by the court that is arbitrary, unconscionable, or unreasonable. Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 219.
The affidavit accompanying Cessna's Civ.R. 56(F) motion is insufficient. The affidavit claims that discovery was incomplete as there were "facts only within the realm and knowledge of the Defendant that would further support Plaintiff's position." The sole allegation that supporting evidence is held by the defendant is insufficient to mandate relief under Civ.R. 56(F). Christian v. The Beacon JournalPublishing Co. (July 18, 1984), Summit App. No. 11564, unreported.
The affidavit also mentions a possible witness, Brian Dean, who was yet to be deposed. The affidavit claims that Dean was a former employee of Lone Star and that he had fallen on the kitchen floor and was injured previous to the incidents involving Cessna. However, the affidavit does not set forth why Cessna could not previously locate Dean though discovery had been ongoing for over a year, or how Dean could provide testimony that would demonstrate an intentional tort
This Court cannot conclude that the trial court abused its discretion by not granting the relief requested under Cessna's Civ.R. 56(F) motion. Accordingly, Cessna's second assignment of error is overruled.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to appellant.
BAIRD, P.J. and SLABY, J. concur.