ACCELERATED JOURNAL ENTRY AND OPINION
{¶ 1} Plaintiffs-Appellants, Ricky Perry ("Mr. Perry") and Berestine Perry ("Mrs. Perry") (collectively "Plaintiffs"), appeal from the order of the trial court granting summary judgment in favor of Defendants-Appellees, Harvard Marathon, Inc. and East 93rd and Harvard, Inc. ("Defendants"). For the reasons set forth below, we affirm.
 {¶ 2} On January 30, 2004, Mr. Perry, after prepaying for gasoline, fell while returning to his vehicle at the Harvard gas station owned and operated by Defendants. Mr. Perry maintains he slipped on ice and snow that had partially covered a pot hole. Mr. Perry suffered injuries as a result of the fall.
 {¶ 3} On May 27, 2004, Mr. Perry filed a complaint charging Defendants with negligently maintaining the parking lot of the Harvard gas station. Additionally, Mrs. Perry sought damages pursuant to a loss of consortium claim.
 {¶ 4} During the course of discovery, the following evidence was introduced. In an affidavit, Larita Johnson ("Johnson"), Mr. Perry's goddaughter, testified that after Mr. Perry fell, she heard him shout "my leg." She approached Mr. Perry and observed the area where he fell. Sometime after the accident, Johnson returned to the gas station and took photographs of the parking lot. She testified that the pot hole was 1 to 1 1/2 feet in diameter, five or six inches deep and contained snow, ice and pieces of rock.
 {¶ 5} Plaintiff's expert, Richard E. Harkeness, inspected the site of the fall on February 4, 2004. He also reviewed the pictures Johnson took of the parking lot. He testified that based on his review, he was unable to approximate the length of time the pot hole existed prior to Mr. Perry's fall.
 {¶ 6} Firus Alyundi, the station manager at the Harvard gas station, testified that the station's asphalt required annual repair. He further testified that he walked around the parking lot on a daily basis.
 {¶ 7} On April 25, 2005, the Defendants filed a motion for summary judgment. The trial court granted the Defendants' motion without opinion and dismissed the Plaintiffs' complaint. It is from this ruling that Plaintiffs now appeal, asserting two assignments of error for our review.
 {¶ 8} Plaintiffs' first assignment of error states:
 {¶ 9} "Whether reasonable minds could conclude that defendant-appellee Harvard Marathon Inc. had actual knowledge or constructive notice of the pot holes in their gas station lot prior to plaintiff-appellant's fall."
 {¶ 10} With regard to procedure, we note that we employ a de novo review in determining whether summary judgment was properly granted. Grafton v. Ohio Edison Co., 77 Ohio St.3d 102, 105, 1996-Ohio-336, 671 N.E.2d 241; Zemcik v. La Pine Truck Sales Equip. Co. (1997), 124 Ohio App.3d 581, 585, 706 N.E.2d 860.
 {¶ 11} Before summary judgment may be granted, a court must determine that "(1) no genuine issue as to any material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing the evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the nonmoving party." Civ.R. 56(C);State ex rel. Dussell v. Lakewood Police Dept.,99 Ohio St.3d 299, 300-301, 2003-Ohio-3652, 791 N.E.2d 45, citing State exrel. Duganitz v. Ohio Adult Parole Auth., 77 Ohio St.3d 190,191, 1996-Ohio-326, 672 N.E.2d 654.
 {¶ 12} The party moving for summary judgment bears the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. Zivich v.Mentor Soccer Club, 82 Ohio St.3d 367, 369-370, 1998-Ohio-389,696 N.E.2d 201. Once the moving party satisfies its burden, the nonmoving party "may not rest upon the mere allegations or denials of the party's pleadings, but the party's response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." Civ.R. 56(E); Mootispaw v. Eckstein, 76 Ohio St.3d 383, 385, 1996-Ohio-389, 667 N.E.2d 1197. Doubts must be resolved in favor of the nonmoving party. Murphy v. Reynoldsburg,65 Ohio St.3d 356, 358-359, 1992-Ohio-95, 604 N.E.2d 138.
 {¶ 13} Plaintiffs maintain that the trial court erred in granting Defendants' motion for summary judgment because Plaintiffs presented sufficient evidence concerning the condition of the parking lot and its pot holes such that a genuine issue of material fact existed as to whether Defendants knew, or should have known, of the pot hole's existence prior to Mr. Perry's fall.
 {¶ 14} In order to establish actionable negligence, a plaintiff must establish the existence of a duty, a breach of the duty, and an injury proximately resulting therefrom. Texler v.D.O. Summers Cleaners Shirt Laundry Co., 81 Ohio St.3d 677,680, 1998-Ohio-602, 693 N.E.2d 271.
 {¶ 15} A business invitee is a person who enters "the premises of another by invitation, express or implied, for some purpose that is beneficial to the owner." Gladon v. GreaterCleveland Regional Transit Auth., 75 Ohio St.3d 312, 316, 1996-Ohio-137, 662 N.E.2d 287. Viewing the evidence in light most favorable to Plaintiffs, Mr. Perry was a business invitee as he was upon the Defendants' premises to purchase gasoline.
 {¶ 16} An owner or occupier of a premises owes its "business invitees a duty of ordinary care in maintaining the premises in a reasonably safe condition so that its customers are not unnecessarily and unreasonably exposed to danger." Paschal v.Rite Aid Pharmacy, Inc. (1985), 18 Ohio St.3d 203, 203,480 N.E.2d 474. An owner or occupier of a premises is not, however, the insurer of a business invitee's safety, id., and the plaintiff must prove that the business owner or occupier had either actual or constructive notice of the alleged hazard which caused the injury. Peerboom v. Hartman (Nov. 18, 1998), Williams App. No. WMS-88-2.
 {¶ 17} In Combs v. First National Supermarkets, Inc.
(1995), 105 Ohio App.3d 27, 663 N.E.2d 669, this court stated:
 {¶ 18} "The law in the state of Ohio is clear that in order for a plaintiff to recover damages from a slip and fall accident as a business invitee, the following must be established:
 {¶ 19} "1. That the defendant through its officers or employees was responsible for the hazard complained of; or
 {¶ 20} "2. That at least one of such persons had actual knowledge of the hazard and neglected to give adequate notice of its presence or remove it promptly; or
 {¶ 21} "3. That such danger had existed for a sufficient length of time reasonably to justify the inference that the failure to warn against it or remove it was attributable to a want of ordinary care." Id. at 29, citing Johnson v. WagnerProvision Co. (1943), 141 Ohio St. 584, 589, 49 N.E.2d 925. Accord Orndorff v. ALDI, Inc. (1996), 115 Ohio App.3d 632,635-636, 685 N.E.2d 1298.
 {¶ 22} In this matter, Defendants' motion for summary judgment demonstrated that Plaintiffs could not establish the first two of the foregoing elements from which to infer a want of ordinary care. Mr. Perry slipped and fell on a pot hole located on Defendants' premises. Plaintiffs do not maintain that Defendants or any of their employees or agents created the pot hole Mr. Perry claims he fell upon. Additionally, no evidence exists that Defendants possessed actual knowledge of the specific pot hole. Plaintiffs presented evidence that Defendants' employees traversed around the gas station on a daily basis and had repaired holes on previous occasions. This evidence is not sufficient to establish actual knowledge of the same pot hole Mr. Perry fell upon.
 {¶ 23} If no evidence exists establishing that a defendant is responsible for, or had actual knowledge of, an existent hazard, "evidence as to the length of time the hazard had existed is necessary to support an inference that defendant had constructive notice." Presley v. Norwood (1973), 36 Ohio St.2d 29, 32,303 N.E.2d 81. This court in Kubiszak v. Rini's Supermarket (1991),77 Ohio App.3d 679, 687, 603 N.E.2d 308, stated the following:
 {¶ 24} "The standard for determining sufficient time to enable the exercise of ordinary care requires evidence as to the hazard's length of existence. This court has consistently followed Analple, holding that evidence of how long the hazard existed is mandatory in establishing a duty to exercise reasonable care. The totality of the circumstances must indicate that a hazard existed for that period of time for which the owner or operator of the business could exercise ordinary care. (citations omitted.)"
 {¶ 25} In the case sub judice, Plaintiffs have not presented any evidence as to the length of time that the pot hole existed prior to Mr. Perry's fall. The photographs taken by Johnson do not depict how long the pot hole existed. Furthermore, Plaintiffs' expert testified that he was unable to determine the length of time that the pot hole existed prior to the fall. Plaintiffs contend that Defendants acknowledgment that they walked around their station on a daily basis, and that they, on a number of occasions, have repaired pot holes on the premises, constitutes sufficient evidence to establish constructive notice. Plaintiffs argument is without merit, however, as this evidence does not establish the length of time that the specific pot hole that Mr. Perry fell upon existed. Accordingly, no inference may arise that the failure to warn against the hazard of the pot hole, or repair it, was attributable to a lack of ordinary care. See, e.g., Combs, supra. Plaintiffs further argue that a jury may naturally conclude that pot holes do not occur instantaneously. Accordingly, Plaintiffs assert, the erosion of concrete permits an inference that the pot hole had existed for a significant period of time and afforded Defendants constructive notice of the condition. Numerous courts have previously rejected arguments substantially similar to Plaintiffs' contention. SeeHoward v. Wal-Mart Stores, Inc. (Oct. 24, 1996), Cuyahoga App. No. 70101 (evidence of discolored and crusted appearance of food insufficient to infer constructive notice); Powers v. FirstNatl. Supermarkets (June 13, 1991), Cuyahoga App. No. 61005 (dark and greasy spot indicating it was partially absorbed did not establish constructive notice) ; Catanzano v. Kroger Co.
(January 11, 1995), Hamilton App. No. C-930761 (appearance of a dark ring around spilled ice cream did not create inference of sufficient time to put business owner on constructive notice);Mackey v. Kroger Co. (Aug. 22, 1994), Belmont App. No. 92-B-56 (grocery cart tracks through a melted popsicle insufficient to establish constructive notice). In so finding, these courts have held that "absent proof of when the [alleged hazardous condition was created], the court[s] did not permit an inference of length of time from the physical appearance of a [hazard]." Catanzano,
supra. Accordingly, we find that the trial court did not err in determining that no genuine issue of material fact existed and that reasonable minds could only conclude that Defendants were entitled to summary judgment as a matter of law. Plaintiffs' first assignment of error is without merit.
 {¶ 26} Because our determination of Plaintiffs' first assignment of error is dispositive of this appeal, we decline to address Plaintiffs' remaining assignment of error[1] as moot pursuant to App.R. 12(A)(1)(c) and affirm the decision of the trial court. Judgment affirmed.
Corrigan, J., Concurs.
 Karpinski, J., Dissents (See attached dissenting opinion).
[1] "I. Whether reasonable minds could conclude that defendant-appellee Harvard Marathon Inc., where the appellant feel was a more dangerous condition than normally associated with snow."